GRACE HUSSON v. GEORGE F. BENSEL, as Administrator with the Will Annexed, of the Estate of Olive W. Cummings, deceased.

168 So. 395.

Division B.

Opinion Filed May 18, 1936.

Shelby Buford, for Appellant;

Paty, Warwick & Mooney, for Appellee.

TERRELL, J.—Olive W. Cummings died in Palm Beach County, March 26, 1934, her husband, H. T. Cummings, having predeceased her by a few hours. By consent of Willis E. Walker, the sole surviving heir of the deceased, the appellee, George F. Bensel, was appointed and qualified as administrator of her estate. Subsequent to his qualification as such Bensel found in the home of Mrs. Cummings certain writings which were apparently intended as her last Will and Testament. The appellant having been named in these writings a true and correct copy of them was furnished to her and a copy was filed in the County Judge's Court of Palm Beach County. They were later admitted to probate as the last Will and Testament of the decedent.

These writings were on ten separate sheets of paper, two of which were typewritten and the others were in the hand writing of testatrix.   They are as follows:

"April 29, 1933.

"To whome it may concern:

"As I havie made no other will, this is my will or if you rather my last wishes.

"Everything I have in real-estate, stocks, bonds or money is to go to my husband H. T. Cummings, including my jewelry consisting of one diamond pin and my two carat ring.

"The two small diamond rings of my mother's, are to go to Eleanor Shrader of Cakifirnia.

"I am leaving other instructions as to the disposal of my personal belongings.

"It has always been my belief, that when you through ill health and a Neurotkc is sick in mind.   Well being sick in mind as well as body I still believe in the survival of the fittist, and www while while this act may seem cowardly to some, I consider it the easies easiest way to be rid of ill and long sufferinf.   A discarding of some thig useless.

"What the use I amjust tired.   Olive W. Cummings"

"Dear Harry—

"Sell my stock and take a trip to battle creek, you have been under a hard strean and ought to have a change.   It is my wish that I do not have my casket opened after I am in it but that the lid be put on and left on.   I have tried to be a good alort.   So carry on alone and enjoy the rest of your days with my blessings"

"To Eleanor Shrader Mother's pictures marked with her name.   The clothes of mind in the store room closet and in the spare room closset.

"Olive W. Cummings"

"Contents of my safety box are for my husband H. T. Cummings, regardless of how they are marked. Moneys in P. O. also his."

"My ring and pin to be sold when profitable and used for stone for Nina  Olive W. Cummings"

"Grace Husson is to have my jade pendant and bracelet also my watch in the trunk and the two sable furs of Nanas"

"Any personal belongings I have are hers.

"Olive W. Cummings"

"Grace I want you to have my brass lamp and also grand mothers wollen spread in the cedar chest."

"Billy Waud is to have my black velvet coat dress material in my third beaureu drawer, anything in my dresser she wishes.

"Olive W. Cummings"

"Please Bill & Grace fix things up O. K. for Harry. What ever is in my room you two want you may have—"

"Jessie can wear my shoes and my morning dresses."

After the production of the said last Will and Testament the administrator filed his petition in the Probate Court praying for a construction of it.  Citation was issued to the beneficiaries and Willis E. Walker, a brother and sole surviving heir of the testatrix.  The appellant was the only beneficiary who answered the petition and by her answer contended that she was the legatee of all the personal property of the testatrix except such items as were bequeathed to Billy Waud and Eleanor Shrader.  She based this contention on the use of the words is the Will, "Any personal belongings I have are hers."

The Will disposed of a valuable estate, most of which was in personal property.  Appellant limits her claim as residuary legatee to the personal property and lays no claim

to the real estate. The Will not having been executed with the formality required to dispose of real estate would be invalid as to that.

The Probate Judge held that appellant was entitled to receive only those items and articles of personal property specifically designated in the Will to her and that the use of the words, "Any personal belongings I have are hers," were not intended to constitute a residuary clause in favor of her. On appeal to the Circuit Court this order was affirmed. The present appeal is from the order of the Circuit Court affirming the judgment of the Probate Court.

The only question we are called on to answer is whether or not the use of the words, "any personal belongings I have are hers," in the Last Will of the testatrix constituted appellant her residuary legatee.

A residuary legatee is one who receives all the testator's personal estate not otherwise effectually disposed of by his Will. In other words, a bequest of all the rest, residue, and remainder of the personal property after payment of debts and satisfaction of the particular legacies.

The main item of the estate was stock in H. T. Cummings, Inc., a Florida Corporation. Appellant contends that inasmuch as H. T. Cummings predeceased the testatrix by a few hours the devise for his benefit lapsed and that now she is entitled to receive all the personal property belonging to the estate as residuary legatee under the Will.

We find nothing to support this contention. The cardinal rule for construing a Will is to give effect to the intent of the testator. The Will under review shows no purpose to attach a residuary clause to it and a casual reading of the entire instruments shows unmistakably that she intended her real estate, bonds, money and jewelry not specifically designated to other legatees to go to her husband.

There being no residuary clause to direct its course in the case her husband predeceased her it descends under the law to her brother and sole surviving heir, Willis E. Walker.

The judgment below will accordingly be affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.