ESTATE OF JOHN H. DENMAN, RICHARD A. DENMAN, EXECUTOR AND ADA D. DENMAN, EXECUTRIX, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76312. Filed November 30, 1959.

*Roger K. Powell, Esq.*, for the petitioners.
*Vernon R. Balmes, Esq.*, for the respondent.

TIETJENS, *Judge:* The Commissioner determined a deficiency in estate tax of $2,335.02.

The only question for decision is whether the Commissioner properly determined the marital deduction by eliminating from his computation thereof the $3,000 year's allowance for the widow and $2,500 for the allowance of "property exempt from administration" as provided under the laws of Ohio.

### FINDINGS OF FACT.

Some of the facts have been stipulated, are so found, and the stipulation of facts together with the attached exhibits are included herein by reference.

John H. Denman died testate on July 3, 1955, leaving Ada D. Denman as his surviving spouse. She was appointed executrix and Richard A. Denman was appointed executor. Under John's will, Ada was bequeathed all of the decedent's personal property and was devised a life estate in his real property.

The personal property was reported as having a value of $1,906.30 in Schedule B of the estate tax return. Although the personal property was bequeathed in the will to Ada, it was not in fact distributed to her. Such personal property was sold by the executrix for $1,854.25, and the proceeds were expended in the payment of costs, debts, and charges against the estate.

The sum of $8,275 in insurance proceeds and $39,179.56 in jointly owned property did pass to and were received by the surviving spouse upon and after the death of the decedent, such assets being nonprobate property which was not administered by the Probate Court of Marion County, Ohio, as a part of decedent's estate.

On the "Inventory and Appraisement" duly filed in the estate pursuant to the Ohio laws there was listed the sum of $2,500 as "20% of Inventory (not less than $500.00) * * * And money (such property being of less value than the amount allowable)." The "Inventory and Appraisement" also stated—

And there not being $\frac{\text{not sufficient}}{\text{Sufficient}}$ personal property, or property of a suitable kind, we certify that the sum of $3,000.00 in money, is necessary for the support of such widow and children, distributed as follows:
To Ada D. Denman

On or about January 2, 1957, Ada, the surviving spouse, caused $6,880 of her individual funds to be deposited in a bank account at the National City Bank of Marion to the credit of Ada D. Denman and Richard A. Denman, executors of the Estate of John H. Denman, deceased.

On or about January 2, 1957, the estate paid to J. D. Williamson by check the sum of $1,380 and to Ada D. Denman, the surviving spouse, by two checks, the sums of $2,500 and $3,000.

The executors duly filed their "First and Final Account" on January 8, 1957, with the Probate Court. This account showed charges as follows:

| | |
|---|---|
| Sale of debentures | $1,854.25 |
| Money advanced | 11,291.63 |
| | 13,145.88 |

Credits were shown in the same amount for payment of expenses and charges, including the following:

| | |
|---|---|
| Jan. 2, 1956[1]—Ada D. Denman, Sec. 2115.13 R C | $2,500 |
| Jan. 2, 1956[1]—Ada D. Denman, year's allowance | $3,000 |

[1] Although these dates appear on the account as 1956, it is stipulated that the payments were made in 1957.

The estate tax return was filed with the district director of internal revenue, Columbus, Ohio.

On Schedule M (Marital Deduction) of the return the amounts of $2,500 and $3,000 set off to the widow as "Property exempt from administration" and "Widow's years allowance," respectively, were included.

In the statement accompanying the deficiency notice it was determined that no personal property passed by inheritance from decedent to his surviving spouse for the reason that such property was exhausted by the payment of decedent's debts and that the allowances under Ohio law for property exempt and the widow's allowance, were not, in substance, paid over by the estate to the surviving spouse and so were not to be used in computing the marital deduction.

OPINION.

Section 2056 of the Internal Revenue Code of 1954, insofar as here material, provides as follows:

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall * * * be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

In section 2117.20 of the Ohio Revised Code it is provided that the appraisers of a decedent's gross estate shall set off and allow to the widow "sufficient provisions or other property to support [her] for twelve months from the decedent's death." And section 2115.13 provides for the selection by the surviving spouse of certain personal properties, not exceeding 20 per cent of the appraised value of the property real and personal, nor more than $2,500, comprised in the inventory, but if the personal property selected is of less value than the total amount which may be selected, then the surviving spouse may receive such sum of money as shall equal the difference between the value of the personal property selected and such amount. This property or sum is "property exempt from administration." The allowances so provided have been held by the Ohio Courts to be "a debt and preferred claim, respectively" against the estate. *Davidson* v. *Miners' & Mechanics' Savings & Trust Co.*, 129 Ohio St. 418, 195 N.E. 845.

Pursuant to these provisions of the Ohio Code the sums of $3,000 and $2,500 were set out in the "Inventory and Appraisement" filed by the executors, as the year's allowance and property exempt from administration, respectively.

The taxpayer here contends that these amounts should qualify for the marital deduction as property passing from the decedent to his widow, not "terminable" in nature. The Commissioner makes no argument on the terminable nature of the allowances, but contends that the allowances, under the facts of this case, in the first place, did not pass from decedent to the widow, or, in the second place, were not included in determining the value of the gross estate, and so in any event do not qualify for the marital deduction.

We think the Commissioner is correct.

Some recapitulation of the facts will be helpful in our discussion. Here the probate estate consisted of real estate having a value of $106,000 and personal property valued at $1,906.30. The personal property was devised to the widow, but instead of being distributed to her was sold for $1,854.25 and the proceeds used to pay debts of the estate. In the executor's "First and Final Account," debts and

expenses paid, including the $5,500 in allowances here in issue, totaled $13,145.88. Aside from the $5,500 in allowances and $1,380 due for attorney fees, the other debts and expenses were paid from money advanced by undisclosed persons and were not paid from assets of the estate.

With respect to the "allowances" here in question, we have no doubt that the widow had the right to have them paid from the assets of the estate under the Ohio law. They were debts or claims against the estate and the widow could have collected them from assets of the estate by compelling a sale of a portion thereof had she pursued her rights and remedies under the Ohio statutes. See *Riley* v. *Keel*, Ohio App. 313, 85 N.E. 2d 123, where a widow, who was also executrix, advanced money to an estate equal to her claims for allowances and then "waived" or was held to have "waived" her claims by not having assets of the estate sold so they could have been paid. Had the widow here compelled the estate to sell sufficient assets to pay her allowances the amounts thereof might have qualified for the marital deduction.[1] Instead, she advanced moneys from her own funds to the estate and, for reasons undisclosed by the record, she, as executrix satisfied her claims the same day by paying herself the statutory allowances with checks drawn on the estate. Thus, as we see it, the claims were not paid from assets of the estate and we do not see how it can be said that they passed "from the decedent to his surviving spouse" within the language of the statute providing for the marital deduction. See *Estate of Herman Hohensee, Sr.*, 25 T.C. 1258, and *Estate of Hyman Kleinman*, 25 T.C. 1245, affd. 245 F. 2d 235 (C.A. 6).

Though the right to such allowances was given to the widow under the Ohio statutes, the manner of obtaining satisfaction of those rights was also established in the Ohio laws. Instead of pursuing such rights and obtaining payment from the estate pursuant to the Ohio laws, she elected to furnish the means of payment herself and thus saved the executors the necessity for selling real estate. By so providing for the payment of the allowances the assets of the estate were in nowise disturbed or diminished. Nor did anything pass from the decedent to his widow by virtue of the payments. True, under decedent's will, the widow was given a life estate in the realty, which was the only asset remaining after payment of debts, and, presumably, the value of this life estate was increased by virtue of her advances to the estate which were then used to pay her claims, thus forestalling the necessity of selling the real estate to

---

[1] Section 20.2056(e)-2(a), Estate Tax Regs., which provides that "[a]n allowance or award *paid* to a surviving spouse pursuant to local law for her support during the administration of the decedent's estate constitutes a property interest passing from the decedent to his surviving spouse." (Emphasis supplied.)

pay such claims. As we see it, on the facts of this case, all that really passed to her from the estate was a life interest in the realty, enhanced in value, perhaps, because it was not necessary to sell any part of such realty to satisfy her claims. But this life interest was a "terminable" interest, not qualifying for the marital deduction, and no claim is made by the taxpayer that this enhancement in value should be considered in computing the marital deduction.

The total effect of what was done here was that the widow either waived her claims for the statutory allowances or they were satisfied from property not belonging to the estate. What actually passed to her from the estate of her deceased spouse, i.e., a life estate in the realty, did not qualify for the marital deduction.

We hold for the Commissioner on the issue submitted. Because of certain stipulated adjustments,

*Decision will be entered under Rule 50.*