ESTATE OF NEWTON B. T. RONEY, DECEASED, GERTRUDE C. RONEY, EXECUTRIX, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65231. Filed January 29, 1960.

*William G. Ward, Esq.*, for the petitioner.
*Louis J. DeReuil, Esq.*, for the respondent.

#### OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in estate tax of $47,512.53.

The only question for decision is whether in computing the marital deduction the value of the property passing to the surviving spouse from the decedent shall be reduced by the amount of administrative expenses which were deducted on the fiduciary income tax returns filed by the executrix rather than allowed as a deduction from gross estate.

All of the facts are stipulated and are so found.

Newton B. T. Roney, hereinafter sometimes referred to as the decedent, died on September 8, 1952.

The decedent, at the date of his death, was a resident of Miami Beach, Florida.

The decedent died testate.

The decedent was survived by his wife, Gertrude C. Roney.

Gertrude C. Roney is the executrix of the Estate of Newton B. T. Roney.

The last will and testament of the decedent contains no direction as to the source from which administration expenses, comprised of attorney, accounting, and appraisal fees, are to be paid.

The Estate of Newton B. T. Roney filed an estate tax return with the district director of internal revenue for the district of Florida on October 7, 1953, and an "amended" estate tax return was filed on March 10, 1954.

The amended estate tax return is identical with the original estate tax return with two exceptions: (a) The amount of $35,000 representing estimated administration expenses claimed as a deduction under Schedule J of the original return was eliminated on the amended return; and (b) the deduction claimed for bequests to the

surviving spouse (marital deduction) was increased by this amount under Schedule M of the amended return.

The Estate of Newton B. T. Roney filed fiduciary income tax returns with the district director of internal revenue for the district of Florida for the period beginning September 8, 1952, and ending December 31, 1952, and the years 1953, 1953 as amended, 1954, and 1955.

The executrix elected to deduct the administration expenses on the following fiduciary income tax returns of the Estate of Newton B. T. Roney in the following amounts:

| Return | Amount |
|---|---|
| 1953 | $19,058.67 |
| 1954 | 13,192.96 |
| 1955 | 5,000.00 |
| | 37,251.63 |

The executrix executed a waiver, attached to the 1953 Estate of Newton B. T. Roney fiduciary income tax return, of any and all rights to have the foregoing items allowed as a deduction from the gross estate pursuant to section 812(b) of the Internal Revenue Code of 1939.

The N. B. T. Roney Trust filed fiduciary income tax returns for the years 1954 and 1955 with the district director of internal revenue for the district of Florida.

The will directed the payment of all just debts with the exception of estate taxes and, after making specific bequests of $25,000 and $5,000 and setting up a trust hereinafter referred to, the will bequeathed "[a]ll of the rest, residue and remainder of my estate, real, personal, and/or mixed, and wheresoever the same may be located," to decedent's wife.

The last will and testament of the decedent created a testamentary trust by the provisions of paragraph four thereof, naming Gertrude C. Roney and E. J. Fitzpatrick as trustees of certain properties hereinafter identified as Town House Hotel properties.

An order was entered by the County Judge's Court, Dade County, Florida, dated January 22, 1954, authorizing and directing the executrix to surrender the Town House Hotel trust properties to the trustees of the N. B. T. Roney Trust.

Paragraph seven of the last will and testament of the decedent provided that the N. B. T. Roney Trust was charged with the payment of all Federal and State estate taxes. In compliance with this direction in the will, the trustees executed a mortgage in favor of the New England Life Insurance Company on February 15, 1954, in the amount of $300,000, the proceeds of which were used to pay the Federal and State estate taxes.

Prior to February 9, 1954, the Estate of Newton B. T. Roney paid all the income taxes on income derived from all sources. Subsequent thereto, the N. B. T. Roney Trust paid the income taxes on income derived from the trust properties only.

As indicated in the following schedule, the value of the interest in the property passing to the surviving spouse, as computed by the petitioner and the respondent, is less than 50 per cent of the adjusted gross estate:

| | Petitioner | Respondent | Difference |
|---|---|---|---|
| Gross estate | $1,312,031.95 | $1,312,031.95 | (1) |
| Deductions before marital deduction | 116,112.37 | 116,112.37 | (1) |
| Adjusted gross estate | 1,195,919.58 | 1,195,919.58 | (1) |
| Marital deduction (see below) | 532,992.55 | 495,740.92 | $37,251.63 |
| Net estate | 662,927.03 | 700,178.66 | 37,251.63 |
| *Marital deduction* | | | |
| Gross estate | 1,312,031.95 | 1,312,031.95 | (1) |
| Bequest to trustee | 604,527.03 | 604,527.03 | (1) |
| Homestead | 53,400.00 | 53,400.00 | (1) |
| Charity | 25,000.00 | 25,000.00 | (1) |
| Other bequests | 5,000.00 | 5,000.00 | (1) |
| Administrative expense claimed on income tax returns | -0- | 37,251.63 | 37,251.63 |
| Funeral expenses | 1,494.72 | 1,494.72 | (1) |
| Miscellaneous | 250.00 | 250.00 | (1) |
| Debts | 89,367.65 | 89,367.65 | (1) |
| Total | 779,039.40 | 816,291.03 | 37,251.63 |
| Residue to widow | 532,992.55 | 495,740.92 | 37,251.63 |

50 per cent of adjusted gross estate, $597,959.79.
Marital deduction as computed by petitioner, $532,992.55.
Marital deduction as computed by respondent, $495,740.92.

1 None.

The following is a schedule of the income derived from the Estate of Newton B. T. Roney, only, as reported on the fiduciary income tax returns filed by the estate for the years 1952, 1953, 1954, and 1955; the administration expenses paid and deducted; additional expenses paid; and income taxes paid:

| Year | Income | Administration expenses | Additional expenses | Income taxes paid |
|---|---|---|---|---|
| 1952 | $2,588.09 | -0- | $466.00 | $1,187.91 |
| 1953 | 10,039.64 | $19,058.67 | 350.00 | 6,654.60 |
| 1954 | 8,781.25 | 13,192.96 | 501.08 | 629.55 |
| 1955 | 7,843.73 | 5,000.00 | 517.97 | 345.15 |
| | 29,252.71 | 37,251.63 | 1,835.05 | 8,817.21 |

Total estate income _____ $29,252.71
Less:
    Administration expenses _____ $37,251.63
    Additional expenses _____ 1,835.05
    Income taxes _____ 8,817.21

Total cash expended _____ 47,903.89

Amount by which cash outlays exceeded estate income _____ (18,651.18)

As we see it, the problem is essentially one of valuation—i.e., what was the value of the property passing to the wife at the time of decedent's death—sec. 81.47(c), Regs. 105. And we agree with the statement of the Court of Appeals for the Tenth Circuit in *Thompson* v. *Wiseman*, 233 F. 2d 734, that after a consideration of the statutory provision and the regulation, the deduction is based upon the net value of the bequest to the wife which in turn is affected by the liability of that bequest for the payment of debts, etc.

In the case before us it is clear that the wife is the residuary legatee of her husband and that her legacy is a general legacy into which all of the assets of the estate fall after the payment of all other legacies, debts, and costs of administration. *Husson* v. *Bensel*, 168 So. 395.

So far as here applicable Fla. Stat. Ann. section 734.05 (1941), provides that if a testator makes no provision that charges against the estate shall be paid from particular funds or property, then the property of the estate shall be used for such purposes in the following order:

(1) Property not disposed of by the will.
(2) Property devised or bequeathed to the residuary legatee or legatees.
(3) * * *
(4) * * *

Thus, at the time of decedent's death, his wife's legacy was chargeable with all expenses, etc., except Federal and State estate taxes which the terms of the will provided should be paid by the N. B. T. Roney Trust.

Accordingly, in computing the value of the residue passing to the surviving spouse for purposes of the marital deduction provided for in section 812(e), I.R.C. 1939, the Commissioner properly reduced the gross estate by the amount of the administration expenses.

The fact that the petitioner charged such expenses against income of the estate and deducted them on the fiduciary income tax returns, the propriety of which action the Commissioner does not challenge, is beside the point, and we think this would be true even though it were clearly shown that income of the estate was sufficient to cover the expenses and such income was actually used to make the payments. *Estate of Edward H. Luehrmann*, 33 T.C. 277, on appeal (C.A. 8). And see and cf. *Estate of John H. Denman*, 33 T.C. 361.

Furthermore, the circumstance here that the estate had income over the administration years which would have enabled the payment of expenses from income and thus relieve the wife's residuum from the burden was a fortuitous one, and, as we see it, should not relieve the residuary legacy, for valuation purposes, of that burden or encumbrance for such expenses which existed at the time of death.

We also point to the legislative history of the marital deduction provisions of the statute, contained in Senate Report No. 1013, Part 2, 80th Cong., 2d Sess., Rev. Act of 1948, which at page 6, states:

The interest passing to the surviving spouse from the decedent is only such interest as the decedent can give. *If the decedent by his will leaves the residue of his estate to the surviving spouse and she pays,* or *if the estate income is used to pay, claims against the estate so as to increase the residue,* such increase in the residue is acquired by purchase and not by bequest. Accordingly, the value of any such additional part of the residue passing to the surviving spouse cannot be included in the amount of the marital deduction. [Emphasis supplied.]

In our opinion this reinforces the conclusion we have reached herein.

*Decision will be entered under Rule 50.*