Elizabeth P. BALLANTINE et al., as Executors of the Estate of Percy Ballantine, Deceased, Appellants,

v.

Laurie W. TOMLINSON, as District Director of Internal Revenue, Appellee.

No. 18736.

United States Court of Appeals
Fifth Circuit.

July 20, 1961.

Rehearing Denied Aug. 24, 1961.

William O. E. Henry, Bartow, Fla., for appellants.

Don M. Stichter, Asst. U. S. Atty., Tampa, Fla., Abbott M. Sellers, Acting Asst. Atty., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., E. Coleman Madsen, U. S. Atty., Miami, Fla., Lloyd J. Keno, Atty., Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., L. W. Post, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Percy Ballantine, a resident of Florida, died in 1954. He left a will by which he gave cash legacies to grandchildren,

**312**

friends and employees of a total amount of $16,000. He gave automobiles, boats, household furniture and furnishings, jewelry, clothing and personal effects to his wife, Elizabeth Parks Ballantine. He gave his wife twenty-five per cent. of his residuary estate, free from transfer and estate taxes, and gave his six children seventy-five per cent. of the residue, charged with transfer and estate taxes. The testator's wife and three of the children were named as executors. The executors paid administration expenses, which were allowed as federal estate tax deductions, in the amount of $63,974.58. These payments were made from the income of the estate. In computing the allowable marital deduction for ascertaining federal estate taxes, the executors did not charge the residuary estate with administration expenses in making their determination of the value of the share of the residue bequeathed to the decedent's wife. The Internal Revenue Service made such a charge with the result that the value of the marital deduction was reduced and an additional tax was assessed. The difference in the tax as figured by the executors and as computed by the Internal Revenue Service is $5,212.93. This amount, with interest, was paid by the executors who brought suit against the District Director for a refund. The facts were not in dispute. The district court entered judgment on the pleadings for the District Director. The executors have appealed.

Under Section 361 of the Revenue Act of 1948, 62 Stat. 110, 117, which is here applicable, the amount to be allowed as a marital deduction is fixed as

"An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." 26 U.S.C.A. (I.R.C.1939 as amended) § 812(e) (I) (A); 26 U.S.C.A. (I.R.C.1954) § 2056(a).

It is, as the statute says, the value of property passing from the decedent to

the spouse which may be deducted. The spouse was given a share in the decedent's residuary estate. "A residuary legacy is a general legacy into which all the assets of the estate fall after the satisfaction of all other legacies and the payment of all debts of the estate and all costs of administration." 1 Redfearn, Wills and Administration of Estates in Florida, 3rd Ed., 233, § 146. See Park Lake Presbyterian Church v. Henry's Estate, Fla.App., 106 So.2d 215; Luxmoore v. Wallace, 145 Fla. 325, 199 So. 492; Murphy v. Murphy, 125 Fla. 855, 170 So. 856; Husson v. Bensel, 124 Fla. 304, 168 So. 395.

The date of the decedent's death is the time as of which the situation must be viewed. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Shedd's Estate v. Commissioner, 9 Cir., 1956, 237 F.2d 345, certiorari denied 352 U.S. 1024, 77 S.Ct. 590, 1 L.Ed.2d 596. At the decedent's death his estate had the obligation of paying estate taxes, debts, charges and expenses of administration. The decedent, by his will, directed that the wife's share of the residuary estate should not be charged with any part of the estate tax. There was no such provision or other direction with respect to administration expenses or other charges against the estate. The Florida Probate Law provides that if a testator makes no provision as to the source of funds for the payment of charges against the estate, the estate property shall be used in the following order:

"(1) Property not disposed of by the will.

(2) Property devised or bequeathed to the residuary legatee or legatees.

(3) Property not specifically bequeathed or devised.

(4) Property specifically bequeathed or devised."

Fla.Stat.Ann. § 734.05.

It follows then that the legacy to the decedent's spouse of twenty-five per cent. of his residuary estate was charged, at

his death, with a like part of the expenses of administration, even though the amount of such expense might not be then ascertainable. Cf. Thompson v. Wiseman, 10 Cir., 1956, 233 F.2d 734. It is urged that the income of the estate was property not disposed of by the will and hence it was the proper fund for the payment of the administration expense. The answer to this is that the income by statute, Fla.Stat.Ann. § 733.01(2) (c), became payable to the residuary legatee, and its use for payment of the charges against the estate cannot properly be added to the residue for marital deduction valuation purposes. The deduction is the value of that which passed from the decedent to the spouse. The value of the marital deduction is a net value, and in determining it the worth of the property must be reduced by the amount of the charges against it even though those charges be met from another source. The Commissioner's determination was, we conclude, a correct one.

The Congressional intent in the enactment of the statutory provision requires the construction which we place upon it. In Senate Report No. 1013, 80th Cong. 2nd Sess. Part 2, it is said:

"The interest passing to the surviving spouse from the decedent is only such interest as the decedent can give. If the decedent by his will leaves the residue of his estate to the surviving spouse and she pays, or if the estate income is used to pay, claims against the estate so as to increase the residue, such increase in the residue is acquired by purchase and not by bequest. Accordingly, the value of any such additional part of the residue passing to the surviving spouse cannot be included in the amount of the marital deduction." C.B.1948–1, pp. 331, 335.

The executors would read the word "claims," as used in the Senate Report, as referring to debts of the decedent and as excluding administration expense. We do not think there is any logical basis for such a narrow construction. The reason for including the one applies to the other. Lowndes and Kramer, Federal Estate and Gift Taxes, p. 376.

The executors urge that a provision of the Florida Probate Law requires that administration expenses be paid from estate income and direct attention to the following provision:

"The personal representative shall take possession of all the estate of a decedent, real and personal (except homestead) and the rents, income, issues and profits therefrom whether accruing before or after the death of the decedent, and of the proceeds arising from the sale, lease or mortgage of the same or any part thereof; and all such property and the rents, income, issues and profits therefrom shall be assets in the hands of the personal representative for the payment of legacies, debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration, and to enforce contribution and to equalize advancements * * *." Fla.Stat.Ann. § 733.01(1).

The language quoted was Section 105 of the Florida Probate Act of 1933, Laws of Florida, Acts of 1933, Ch. 16103. The reason for the provision was the subject of the following contemporary comment:

"This section is a radical departure from the former law. Between 1828 and 1892 it was provided by statute (McClellan's Digest, p. 85) that 'Real estate shall be considered assets in the hands of an executor or administrator.' By the Revised Statutes of 1892 (C.G.L.5629) this was changed and provision was made that 'Real estate shall be liable for the debts of a decedent but shall descend to the heir or devisee and remain in his possession until the executor or administrator shall take possession of the same under the order of the court, or until the same be sold under execution by any creditor of the decedent.' The reason for the change made in 1892 is not positively known but it is believed that it

was to avoid losses to estates which had, in some instances, resulted on account of the failure of executors and administrators to bring or properly defend actions of ejectment. By reverting to the earlier doctrine with a provision (Sec. 106) [Fla.Stat.Ann. § 733.02] that heirs and devisees may maintain actions of ejectment and suits to quiet title, the former highly technical procedure for subjecting real property to debts has been eliminated. The foregoing section is an adaptation from the recent California Probate Code. The section does not purport to vest title in the personal representative but merely to give him possession. The personal representative is also given income from real estate. Grave doubts existed as to the right of an executor or administrator to collect rents or other income or profits from real estate under former statutes where an order of possession for the purpose of selling to pay debts had been entered. The personal representative is not entitled to possession of homestead." [1] Redfearn, Wills and Administration of Estates in Florida, 1st Ed. p. 579, 3rd Ed. Vol. 2, p. 858.

Section 733.01 must be read with Section 734.05, and when so read and viewed in the light of the purpose of its enactment, we find nothing in the Florida statutory law requiring the payment of administration expenses from estate income.

We are likewise unable to agree with the executors in their contention that Henderson v. Usher, 125 Fla. 709, 170 So. 846, requires that administration expenses be paid from estate income. Henderson v. Usher, like Henderson v. Chaires, 35 Fla. 423, 17 So. 574, was decided under the statutes prior to the enactment of Sections 733.01 and 734.05. Henderson v. Usher was a chancery suit for the allotment of dower and an award of mesne profits under the prior statutory law. Fla.Comp.Gen.Laws § 5493 et seq.

The rule announced in Henderson v. Usher related to the manner of computing the mesne profits of the widow as an incident to her award of dower. It is not pertinent to the question before us.

There is no error in the determination of the district court. Its judgment is

Affirmed.

---

1. The quoted comment was prepared by the writer of this opinion.