Philip H. **ALSTON**, Jr., and the Citizens and Southern National Bank, Executors of the Estate of Charles Loridans, Plaintiffs,

v.

The **UNITED STATES** of America, Defendant.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 9, 1964.

Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., and Edward A. Copley, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

HOOPER, Chief Judge.

In this case motion for summary judgment has been made by both plaintiffs and the defendant and the facts are not in dispute.

The sole question at issue is whether or not, as contended by the plaintiffs, the administration expenses incurred by the Estate of Charles Loridans should be, for purposes of ascertaining the estate tax, charged against certain bequests, or whether (as contended by the Government) they should be charged against the residue of the estate devised to charity, and consequently constituting a deduction in connection with computation of such estate taxes. Apparently it raises questions of first impression in this state

The estate tax return reported a gross estate of $5,923,446.89. There were deductions (exclusive of specific exemption of $4,445,053.79 leaving a taxable estate of $1,418,393.10. Tax reported thereon was $493,925.10 which, after claiming credit for state death taxes of $63,017.-16, resulted in a net estate tax reported of $430,907.94

The District Director determined a gross deficiency of $50,225.63 which was reduced by $7,491.39 on account of additional state death taxes, reducing the tax deficiency to $42,734.24 for which assessment was made together with interest, and was paid by the executors who have now sued for a refund.

The will of Charles Loridans after providing for payment of certain debts and expenses and certain specific bequests, bequeathed the residue to Charles Loridans Foundation, Inc., a charitable institution. Administration expenses totaled $66,827.33, all of which was paid in the fiscal year ending May 31, 1957, the payments being reflected on the books and records of the Citizens and Southern National Bank, one of the executors, as charges against the estate's *principal account*. On February 26, 1960 a reversing entry was made in such records transferring the same to the estate's income account. Affidavits have been submitted to the court by plaintiffs reciting that these expenses were actually paid out of post-mortem income of the estate rather than paid out of corpus. The Government contends there is a question of fact concerning the source of such payment, also contending as a matter of law, that regardless of that issue the Government is entitled to summary judgment for the reason as alleged, that regardless of the actual source of the funds used to make payments "the payment of an estate's administration expenses serves to reduce the amount of the residuum as a matter of law." [1]

The Government contends that the executors are bound by the election made by them at the time they paid administration expenses, carrying said payment on their books as made from the principal or corpus of the estate, citing Luehrmann's Estate v. Commissioner of Internal Revenue, 8 Cir., 287 F.2d 10, which case is also cited by plaintiffs. That case, however, in the opinion of this Court does not support the contentions of either party, but the thrust of the ruling there made concerns the election which executors may make as between deduction for estate tax purposes pursuant to § 812(d) on the one hand, or for income tax purposes as permitted by § 162(e).

In the instant case the plaintiff executors first paid the administration expenses, charging it on its books as though paid from "principal", meaning of course, from corpus of the estate. Later it is contended that the entry on the books was in error and that such payment was intended to have been made out of subsequent income from the corpus of the estate accruing after death of testator. Even if made from the income of the estate that payment would not have changed the net taxable value of the estate, which under the law, is fixed as of the date of death. Income subsequently received, which is properly included in the income tax returns by the executors, does not and cannot change the value of the estate as of the date of death.

> "[I]f the estate income is used to pay, claims against the estate so as to increase the residue, such increase in the residue is acquired by purchase and not by bequest." Compare Senate Report in connection with marital deduction discussed in Ballantine v. Tomlinson, 293 F.2d 311, at p. 313.

See also United States v. Land, 303 F.2d 170 (5 Cir.) where Judge Wisdom speaking for the Court said in part:

> "Brief as is the instant of death, the court must pinpoint its valuation at this instant— * * * the valuation is determined by the interest that passes." (See 303 F.2d p. 172)

The Court of Claims in the case of Waldrop v. United States, 133 Ct.Cl. 902, 137 F.Supp. 753, made a ruling in accordance with the above, using this language:

> "The gross estate of the decedent is the starting point for the computation of the estate tax. Income earned during administration is not a part of the gross estate for estate tax purposes, and is not taxable as

---

i. The Government cites Ballantine v. Tomlinson, 5 Cir., 293 F.2d 311, involving marital deduction, wherein the court ruled that income of the estate accruing after decedent's death "cannot properly be add-ed to the residue for marital deduction valuation purposes." The same principle would seem applicable in this case as to post-mortem income.

such. Instead, it is taxable to the estate as income, and, as such, is subject to deductions * * * the statutory scheme seems to contemplate separate treatment of this asset * * *."

## GEORGIA LAW CONCERNING DIMINUTION OF THE RESIDUUM

Most of the Georgia statutes and decisions regarding the priority of payment as between specific bequests on the one hand and the residuum of the estate on the other, are applied in cases where the estate is insolvent, in which event payments are made out of the assets of the estate according to the priorities established by Georgia laws. Thus, Georgia Code § 113–821 provides that:

"Unless otherwise directed, the debts of a testator should be paid out of the residuum. If it proves to be insufficient, then general legacies shall abate pro rata to make up the deficiency. If they are insufficient, then specific legacies shall abate in the same manner."

Georgia Code § 113–1001, while applying to cases of intestacy, provides that:

"After the payment of expenses of administration and the debts of the deceased, the balance of the estate, both real and personal, shall stand subject to distribution among the heirs at law of the deceased, according to the rules herein before prescribed."

■ The same principles apply as to testacy, excepting that the balance of the estate is distributed to the beneficiaries of the Will, according to the Will itself.

Georgia Code § 113–1508, concerning priorities of debts, provides that claims against the estate shall rank in the following order:

"1. Year's support for the family.

"2. Funeral expenses * * *.

"3. Necessary expenses of administration, etc."

"The necessary expenses of the administration * * * shall be paid out of the general funds of the estate." Rust, Johnston & Company v. Billingslea, 44 Ga. 306, p. 317.

It would seem that, in regard to priority:

"Debts and legacies stand on precisely the same footing * * * and that the one can no more be diminished by the payment of commissions than the other * * * the expenses of administration, among which are the commissions of the representative, must first be paid whether enough be left to satisfy debts and legacies, or not." Williamson, Ex'r. v. Wilkins, 14 Ga. 416.

■ This Court is ruling therefore, that the administration expenses in connection with the Will of the testator, along with debts of the estate, constituted a deduction against the residuum of the estate (going to charity) rather than being charged against the specific legacies which were made to individuals. As plaintiffs' right to recovery is predicated upon the contention that these expenses should be paid out of income and that contention is not supported by the authorities, such expenses must be paid out of the residue of the estate which is the basis upon which the Collector of Internal Revenue made his assessment for estate taxes. It follows that his assessment is correct and therefore counsel for defendant is directed to present to the Court a Judgment in accordance herewith.