196 So.2d 225 (1967)
In re ESTATE of Felix LEVY, a/k/a Felix Jacob Levy, Deceased.
Gilbert LEVY, Appellant,
v.
HEBREW TECHNICAL INSTITUTE, Teacher's Retirement Fund of Hebrew Technical Institute, and Federation for Support of Jewish Philanthropic Societies of New York City, Appellees.
No. 66-422.
District Court of Appeal of Florida. Third District.
March 7, 1967.
Rehearing Denied March 28, 1967.
Kovner, Mannheimer & Creenfield, Horton & Schwartz, Miami, for appellant.
Harry Zukernick, Miami Beach, S. George Berkley, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This is an appeal from an order of the probate court entered on an administrator's *226 petition for determination of beneficiaries. The appellant is the son and sole heir at law and next of kin of the testator. The appellees are three of the six legatees named in the will, the other three legatees having predeceased the testator.
The will was executed August 29, 1930, and the testator died April 15, 1965. The contents of the will, omitting the opening paragraph and the execution clause, are as follows:
"FIRST:  I direct that all my just debts and funeral expenses be paid as soon after my decease as is practicable.
"SECOND:  All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind, nature and description and wheresoever the same may be situated, I direct my Executor hereinafter named to convert the same into personalty in his discretion and to distribute the same as follows:
"Two (2) of such equal shares or parts to Dr. William Lenetska.
"One (1) of such equal shares or parts to Mitchell Frankel.
"Four (4) of such equal shares or parts to Elsie Jacoby.
"One (1) of such equal shares or parts to my Alma Mater, Hebrew Technical Institute of New York.
"One (1) of such equal shares or parts to the Teachers' Retirement Fund of the Hebrew Technical Institute.
"One (1) of such equal shares or parts to the Federation for Support of Jewish Philanthropic Societies of New York City.
"THIRD:  I make no provision in this my Last Will and Testament for my brother, Harry L. Bliss for many reasons which are known to him.
"FOURTH:  I make no provision in this my Last Will and Testament for my sister, Rose Hyman because of the difficulties which arose after my Mother's death and further because of the attitude assumed by my said sister, Rose Hyman in the litigation concerning the stock of The Bliss Laboratories Inc.
"FIFTH:  I make no provision in this my Last Will and Testament for my wife, Gertrude nor for the issue of my marriage. I have not seen my wife for approximately eleven years and have never seen the issue of my marriage.
"SIXTH:  I hereby nominate, constitute and appoint Raymond A. McCourt, Executor of this my Last Will and Testament giving unto him full power to sell, mortgage, lease and dispose of any and all my property, both real and personal, as he may deem for the best interests of my estate.
"I direct and require my Executor to file a bond covering the faithful execution of the provisions of this my Last Will and Testament.
"I direct my Executor to distribute as soon after my death as is practicable all my personal property to the legatees herein mentioned other than the stock in The Bliss Laboratories Inc. which I may hold upon my death.
"I authorize and empower my Executor in the exercise of his discretion to dispose of the stock of The Bliss Laboratories Inc. in a manner which in his opinion is for the best interests of my Estate. I suggest that he secure the advice of the legatees herein so as to guide him in the proper distribution of the stock of The Bliss Laboratories Inc."
The will was admitted to probate and an administrator cum testamento annexo was appointed on January 14, 1966. On the same date letters of administration were issued and the administrator filed a petition for determination of beneficiaries. Citations were issued to interested parties, and responses were filed by the surviving beneficiaries and by Gilbert Levy, son of the decedent.
*227 From the pleadings in the lower court it was made to appear that the testator's wife died in 1961, and that the three individual legatees, William Lenetska, Mitchell Frankel, and Elsie Jacoby, whose legacies aggregated 7/10ths of the estate, predeceased the testator; that none of them was his adopted child or blood kin; and that Gilbert Levy (the appellant) was the testator's heir and next of kin.
In his petition the administrator represented to the probate court that the six legatees were residuary legatees, and that the "persons entitled to the residuary estate" were the three surviving legatees. The position taken by the testator's son in the probate court was that the 7/10ths of the estate represented by the lapsed legacies passed to him as the sole heir and next of kin. The position taken on behalf of the three remaining legatees, each of which was bequeathed a 1/10th share of the estate, was that the shares of the three legatees who predeceased the testator should be added ratably to their legacies.
Following hearing on the petition the probate court entered an order finding that the six legatees were "named in the residuary clause," and that to permit the testator's son to take the lapsed legacies by intestacy would "do violence to the Testator's intent and testamentary plan to permit any portion of his estate to descend to his son whom he had specifically disinherited, rather than to the remaining residuary beneficiaries whom he had specifically selected as the objects of his beneficence." Thereupon the probate court held that by virtue of § 731.20 Fla. Stat., F.S.A., relating to lapsed legacies, the shares of the three legatees who had died during the lifetime of the testator (comprising 7/10ths of the estate) should pass ratably to the three other named legatees. In so holding the probate court was in error, and we reverse.
The first question presented on this appeal is whether paragraph "Second" of the will (which contained the six legacies by which the testator disposed of his entire distributable estate) was a residuary clause. Stated differently, that question is whether the six legacies contained in paragraph "Second" of the will were residuary legacies.
The appellees make two arguments in support of their contention that all the legacies were residuary legacies. The first is that paragraph "Second" must be regarded as a residuary disposition because the testator used the words "all the rest, residue and remainder of my estate" in making a disposition by and through that paragraph. Appellees' second argument is that where legacies in a will dispose of all of the distributable property of the testator, the legatees must be considered as residuary legatees.
We find no merit in either of those arguments. They are conclusively answered, as contended by the appellant, by the holdings of the Supreme Court of Florida that the residue of an estate is that which the testator has failed to dispose of in legacies and devises, and that a residuary legatee is one who is designated by the testator in his will to receive the residue, being the personal estate of the testator not effectively disposed of by his will and which remains after payment of debts and the satisfaction of the particular legacies. Husson v. Bensel, 124 Fla. 304, 168 So. 395; Luxmoore v. Wallace, 145 Fla. 325, 199 So. 492. In the Husson case the Supreme Court said (168 So. at 396):
"A residuary legatee is one who receives all the testator's personal estate not otherwise effectually disposed of by his will; in other words, a bequest of all the rest, residue, and remainder of the personal property after payment of debts and satisfaction of the particular legacies."
In the Luxmoore case (199 So. at 496) it was said:
"* * * In the first place, the very term residuary clause, and unquestionably paragraph 49 is one, means provision for disposition of what remains in an estate *228 after the distribution of bequests made in a will. A residuary fund is a reservoir in which is placed all that is left of the estate which the testator has failed to dispose of in legacies and devises and from its very nature and because of its very purpose, it is of importance secondarily to the provisions of the will for specific bequests. It may be appreciated because of an excess above these bequests or devises and on the other hand it may be depreciated to effectuate the other provisions of a will."
The problem presented here arose under a similarly worded will in a California case.[1] There, as in the instant case, paragraph "First" of the will directed payment of the testator's "just debts and expenses of last illness and burial," and paragraph "Second" disposed of the entire estate to two legatees in equal parts, as follows:
"Second: I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, of whatsoever consisting and wheresoever situate, in equal shares to my daughter, Serineta Gutierez Schwarze, and my husband, Edward Mathie."
That will contained a further provision that if any "devisee or legatee" thereunder contested the will, the "share given to such devisee or legatee is hereby revoked and shall become void." The testator's husband, one of the two legatees, contested the will and thereby invalidated his legacy. The lower court held that the husband's lapsed legacy should pass to the other legatee. On appeal it was held that paragraph "Second" of the will was not a residuary disposition, that in the absence of a residuary legacy the lapsed legacy should pass by intestacy, and that to hold that it should pass, by the will, to the remaining legatee would amount to adding a provision to the will. In rendering that decision the court said (149 P.2d at 492):
"* * * Ineffectual legacies and devises pass into the residuum unless a contrary intention is shown by the will. Estate of Walker, 1925, 196 Cal. 323, 327, 237 P. 1070. In considering whether there is a residuary legacy or devise in the will, it is to be noted that the `Second' paragraph which refers to `all the rest, residue and remainder' is the only provision in the will which makes any disposition of the estate. That provision disposes of her entire estate. The `First' paragraph merely directs the payment of debts and expenses of last illness and burial, which were required by law to be paid irrespective of the provisions in the will. In Childs v. Gross, 1940, 41 Cal. App.2d 680, at page 684, 107 P.2d 424, at page 426, it was said: `The debts and funeral expenses are charges against the estate, and could not constitute bequests. A "residuary clause" has been defined to be the clause in a will by which that part of the property is disposed of which remains after satisfying bequests and devises. * * *' There is no residuary legacy or devise in the present will.
"Since there is no residuary legacy or devise, the decedent died intestate as to the portion of the estate which appellant would have received under the will, unless that portion was otherwise disposed of by the will. There is no provision in the will directing what disposition shall be made of a `share' which is `revoked' and becomes `void,' as a result of a contest of the will. * * *"
We adopt as sound, and applicable here, the reasoning of the court in the Mathie's Estate case, and thereupon we conclude that the able probate judge was in error in regarding paragraph "Second" as a residuary clause, and the legatees named therein as being residuary legatees. See, also, In re Marti's Estate, 311 Ill. App. 237, 35 N.E.2d 696.
Treating paragraph "Second" of the will as a residuary clause, the probate court held that upon the lapsing of the legacies *229 of three of the six "residuary" legatees (not members of a class  Cf. Davis v. Arkenberg, Fla.App. 1967, 195 So.2d 46), the shares of the three who died during the lifetime of the testator did not pass by intestacy, but passed to the remaining three "residuary" legatees. Much of the argument was directed to that proposition, but because we hold that paragraph "Second" by which the testator disposed of his entire estate to the named legatees was not a residuary disposition, we are not required to choose between the arguments of counsel as to the correctness or incorrectness of that holding of the probate court, and we express no opinion thereon.
The remaining question to be determined is whether the testator's son was precluded by law from taking the lapsed legacies as next of kin because the testator in his will stated he "made no provision" for his issue and had never seen him.
In order to cut off an heir's right to succession a testator must do more than merely evince an intention that the heir shall not share in the estate  he must make a valid disposition of his property. Cases so holding are collected in an annotation in 100 A.L.R.2d 325, where, commenting thereon, it was said (at page 327):
"Except as respects the rights of a surviving spouse, the common law gives a testator substantial freedom to dispose of his property by will as he sees fit, without regard to any claims of those who might otherwise take under the rules as to descent and distribution of intestate property. The courts seem to be agreed, however, that this power to disinherit can be exercised only in one way  by making a testamentary disposition of the property inconsistent with the normal course of descent. Accordingly, where some of the property is not disposed of by will, either because of the lapse of proposed legacies or for other reasons, the cases hold that the undisposed-of property will pass to those entitled under the statutes of descent, both where language in the will attempts to exclude such persons altogether from the benefits of the estate, and where the testator does make some provision for the person in question but specifies that such provision shall be all that such person is to receive. * * *
* * * * * *
"Attempts to avoid the effect of the rule against disinheritance by construing the testator's language disinheriting the person mentioned as creating a gift by implication to other persons mentioned in the will, and so avoiding the intestacy, have met with little success."
In 23 Am.Jur.2d, Descent and Distribution, § 26, it is said:
"Although a testator has substantial freedom to dispose of his property as he sees fit, without regard to the claims of those who would otherwise take under the statutes of descent and distribution, it is generally agreed that the power can be exercised only by making a testamentary disposition of the property which is inconsistent with the course of descent prescribed by the statute. Thus, although a will clearly and unambiguously expresses an intent to disinherit an heir or next of kin, it has been held in many cases that such heir or next of kind nevertheless shares in property which the testator failed to devise to another and as to which he consequently died intestate. * * *"
The section of the Florida Probate Law which deals with lapsed legacies (§ 731.20 Fla. Stat., F.S.A.) is as follows:
"(1) If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses unless an intention appears from the will to substitute another in his place; but, when any property is devised or bequeathed to an adopted child or blood kindred of the testator, and when such devisee or legatee dies before the testator, leaving lineal descendents, or is *230 dead at the time the will is executed, leaving lineal descendents who survive the testator, such legacy or devise does not lapse, but such descendents take the property so given by the will in the same manner as the devisee or legatee would have done had he survived the testator.
"(2) If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will."
Under subparagraph (1) as quoted above, the share of a legatee who predeceases the testator lapses "unless an intention appears from the will to substitute another in his place." The probate court was of the opinion that the statement in the will that the testator was not providing for his son showed intent to substitute the surviving legatees in the place of those legatees who died during his lifetime. We can not agree. The intent of the testator not to include his son and heir among the legatees, as recited in the will, was not accompanied by any language for substitution of another in the place of a named legatee whose testamentary disposition might lapse. As is often the case, the testator did not anticipate lapsed legacies, and made no provision respecting them.
The lapsed legacies became "a part of the residuum," as provided in subsection (2) of § 731.20. Under that provision of the statute they would have passed to a residuary legatee if one had been named, but the will contained no residuary clause (following the particular legacies) and did not name a residuary legatee. Therefore, such of the testator's property as became "a part of the residuum" upon the lapsing of certain of the legacies passed by intestacy. To hold, as the probate court did, that the testamentary dispositions to the legatees who died during the lifetime of the testator should pass to the remaining legatees, who were not heirs or next of kin, would amount to rewriting or adding to the testator's will, under the terms of which he had expressed his intention that each of the appellee-legatees should receive 1/10th of his estate.
For the reasons stated, the order appealed from is reversed, and the cause is remanded to the probate court for further proceedings not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] In Re Mathie's Estate, 64 Cal. App.2d 767, 149 P.2d 485.