ESTATE OF HENRY STANLEY McINNES, DECEASED, BANK OF DELAWARE, EXECUTOR, AND H. STANLEY McINNES REVOCABLE LIVING TRUST, BANK OF DELAWARE, TRUSTEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of McInnes v. Commissioner
Docket No. 8430-90
United States Tax Court
T.C. Memo 1992-558; 1992 Tax Ct. Memo LEXIS 586; 64 T.C.M. (CCH) 840; September 23, 1992, Filed *586 Decision will be entered for petitioners. For Petitioners: Kenneth D. Krier. For Respondent: James P. Dawson. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 38,320.84 in petitioners' Federal estate tax. The sole issue for decision is the amount of the marital deduction in light of a partial disclaimer by the surviving spouse. All of the facts are stipulated and are so found. Those facts and the accompanying exhibits are incorporated herein by this reference. Decedent, Henry Stanley McInnes (decedent), died on August 30, 1986, a resident of Naples, Florida. He was survived by his wife, Juanita McLeod McInnes. At the time of his death, a revocable living trust (sometimes hereinafter referred to as the marital trust) was in existence, which was established by decedent on May 23, 1984. Under the terms of the trust, upon the death of the decedent, his wife was to receive the income for life and was given an unlimited power of withdrawal of principal. Upon her death, whatever remained of the trust was to be paid to decedent's nephew, if living, otherwise per stirpes to the then living issue of said nephew. Decedent's jointly *587 owned and all tangible personal property passed outright to decedent's wife. The balance of decedent's estate was bequeathed to the marital trust. [1]
On October 16, 1986, decedent's widow executed a timely disclaimer of a portion of the living trust as follows: NOW, THEREFORE, JUANITA McLEOD McINNES hereby accepts her interest in that portion of said trust which is required to reduce H. STANLEY McINNES' "taxable estate", as finally determined for federal estate tax purposes, to the pecuniary amount of $ 500,000 (Five Hundred Thousand Dollars). JUANITA McLEOD McINNES hereby disclaims her and her estate's entire interest in (including her power to appoint) all other property which would benefit or be distributed to or for the *588 benefit of her or her estate under said agreement. Decedent's last will and testament provided as follows: My personal representative shall pay all funeral expenses, costs of administration including ancillary, costs of safeguarding and delivering bequests, and other proper charges against my estate. My personal representative shall pay from the residue of my estate all estate and inheritance taxes assessed by reason of my death * * * The marital trust agreement provided that, to the extent the assets of decedent's estate proved insufficient, the trustee was to pay the decedent's estate the amount needed to satisfy all "bequests, decrees, expenses, debts, commissions and charges", certified by the executor or administrator of the estate. Administrative expenses totaling $ 65,249 were claimed as Federal income tax deductions rather than Federal estate tax deductions. Decedent's funeral expenses were $ 1,632. Decedent's gross estate had a Federal estate tax value of $ 9,378,970. The following schedule shows the tax computations resulting from the Internal Revenue Service's and the taxpayer's respective interpretations of the disclaimer filed by decedent's widow, the decedent's *589 will, and Florida law: IRS
Taxpayer
(a)
Gross estate
$ 9,378,970.00 $ 9,378,970.00 (b)
Less: Specific bequests to
spouse (qualifying for the
marital deduction
(20,182.00)
(20,182.00)
(c)
Less: Disclaimed amount
(500,000.00)
(434,751.00)
(d)
Gross residue
$ 8,858,788.00 $ 8,924,037.00 (e)
Less: Administration
expenses
(65,249.00)
(65,249.00)
(f)
Less: Funeral expenses
(1,632.00)
(1,632.00)
(g)
Less: Federal and State
estate taxes [2]
(38,320.84)
-0-     (h)
Net residuary marital share
$ 8,753,586.16 $ 8,857,156.00 (i)
Net allowable marital
deduction (b + h)
$ 8,773,768.16 $ 8,877,338.00 (j)
Taxable estate (a - f - i)
603,569.84 500,000.00 Petitioners argue that their calculation reflects the clear language of the disclaimer and that the disclaimed amount is therefore $ 434,751 ($ 500,000 minus $ 65,249) and a marital deduction *590 allowable under section 2056 [3] of $ 8,877,338. Respondent argues: (1) the amount disclaimed constituted a pecuniary bequest in the amount of $ 500,000; (2) because the disclaimer is not incorporated into the will by virtue of section 732.512(1), Fla. Stat. Ann. (West 1976), [4] it cannot control decedent's intent, or lack thereof, as manifested in the will; (3) the will is silent as to how the administration expenses should be charged and therefore under Florida law, they should be charged against the residuary estate; [5] and (4) the amount of the marital deduction bequest of the residuary estate (in this case, the marital trust) should be reduced by the amount of those expenses. We reject respondent's position and agree with petitioners. By such reasoning, respondent seeks to convert the issue herein from a question as to the amount of the nonmarital bequest to that of the proper allocation of administration expenses. *591 At the outset, we note that there is no dispute between the parties that the interest of the decedent's wife in the marital trust qualifies for the marital deduction under section 2056, nor do petitioners disagree that the will is silent as to how administration expenses should be charged and that they should therefore be charges against the residuary estate. The basic difficulty we have is with the first prong of respondent's argument. Relying on section 732.801, Fla. Stat. Ann. (West 1991), [6] respondent asserts that the disclaimer in effect constituted a pecuniary bequest of $ 500,000 by decedent to his nephew. But that section does no more than set forth how property of a decedent should pass in the event of a disclaimer; [7] it does not in any way deal with the question of the amount of the disposition. That is the question we are called upon to decide, and respondent has simply assumed the answer to that question in order to achieve the desired result herein. Such being the case, respondent's subsequent reasoning falls by the wayside. *592 The disclaimer provides that the amount disclaimed is that portion of the trust "required to reduce H. STANLEY McINNES' 'taxable estate', as finally determined for federal estate tax purposes, to the pecuniary amount of $ 500,000 (Five Hundred Thousand Dollars)." We think it crystal clear that this language provides for a formula amount subject to a maximum of $ 500,000 and that it does not constitute a pecuniary bequest of $ 500,000. It is obvious that respondent seeks to prevent the estate from receiving both an income tax deduction and an increased estate tax marital deduction in the same amount by way of a decrease in the disclaimed amount. But the existence of that seemingly double benefit, in and of itself, is not determinative if the relevant documents are sufficiently clear to produce that result. Cf. Estate of Richardson v. Commissioner, 89 T.C. 1193 (1987). [8] The disclaimer herein exhibits the requisite clarity.
*593 We find support for our conclusion in Estate of Haskell v. Commissioner, 58 T.C. 197 (1972), affd. without published opinion 485 F.2d 679 (3d Cir. 1973). In that case, we held that a formula clause in respect of the amount of a marital bequest was sufficient to relieve that bequest of the burden of a New Jersey inheritance tax where the will was otherwise silent as to who should bear that burden. We reject respondent's attempt to distinguish Haskell on the ground that the bequest herein was a pecuniary bequest of a fixed amount and should not be treated as the equivalent of a formula bequest. Similarly, Roney v. Commissioner, 33 T.C. 801 (1960), affd. per curiam 294 F.2d 774 (5th Cir. 1961), relied upon by respondent, is clearly distinguishable. That case did not involve the amount of a bequest but rather the question of how administration expenses, which had been deducted for income tax purposes, should be allocated between a nonmarital testamentary trust and the marital bequest of the residuary estate. Similar reasoning distinguishes Ballantine v. Tomlinson, 293 F.2d 311 (5th Cir. 1961), *594 also relied upon by respondent, and our decision in Estate of Fine v. Commissioner, 90 T.C. 1068 (1988), affd. per curiam 885 F.2d 879 (11th Cir. 1989). Indeed, the approach in Fine supports our analysis in this case because our decision therein turned on the specific language involved. In Roney, Ballantine, and Fine, the taxpayers sought to avoid reducing the marital deduction because the offsetting items had not been claimed as estate tax deductions. No such avoidance is present here; petitioners' calculation specifically takes the unclaimed administration expenses into account and reduces the marital deduction accordingly. That this reduction may be offset as a result of a correspondingly lesser amount being disclaimed is beside the point, given the unambiguous language of the disclaimer. In sum, we sustain petitioners' calculation of the amount disclaimed and the allowable marital deduction. See supra p. 4. Decision will be entered for petitioners. Footnotes
1. The will bequeathed such balance "to my wife, JUANITA McLEOD McINNES, if she survives me". The stipulation of the parties states that "the balance of his [decedent's] estate was to be held in a marital trust for Juanita McInnes". The difference is not material to our decision herein.↩
2. The difference between the parties as to this amount merely reflects the increase in estate taxes if respondent's position is sustained.↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time of decedent's death. ↩
4. Sec. 732.512(1), Fla. Stat. Ann. (West 1976), provides:
A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification. ↩
5. Sec. 733.805, Fla. Stat. Ann.↩ (West 1976), so provides.
6. Sec. 732.801, Fla. Stat. Ann. (West 1991), provides as follows: Disclaimer of interests in property passing by will or intestate succession or under certain powers of appointment * * * * (3) Disposition of disclaimed interests. -- (a) Unless the decedent or a donee of a power of appointment has otherwise provided by will or other appropriate instrument with reference to the possibility of a disclaimer by the beneficiary, the interest disclaimed shall descend, be distributed, or otherwise be disposed of in the same manner as if the disclaimant had died immediately preceding the death or other event that caused him to become finally ascertained as a beneficiary and his interest to become indefeasibly fixed both in quality and quantity. The disclaimer shall relate to that date for all purposes, whether recorded before or after the death or other event. An interest in property disclaimed shall never vest in the disclaimant. * * * ↩
7. Secs. 2046 and 2518 are to the same effect.↩
8. See also Estate of Young v. Commissioner, T.C.M. 1992-551; but cf. Estate of Street v. Commissioner,     F.2d     (6th Cir., Sept. 8, 1992), affg. in part and revg. in part T.C. Memo. 1988-553↩.