**FIRST TRUST CO. OF ST. PAUL and Linda B. Ames, Co-Executors, Estate of Charles Lesley Ames, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 3–74–Civ–211.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 11, 1975.

Timothy J. Halloran, Doherty, Rumble & Butler, St. Paul, Minn., for plaintiff.

Robert G. Renner, U. S. Atty., Scott P. Crampton, Asst. Atty. Gen., Jerome Fink and Daniel J. Dinan, attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The issue to be resolved in this federal estate tax refund lawsuit is how to properly compute the "marital deduction" allowable to the estate of one Charles Lesley Ames, deceased. The facts, as outlined below, are not in dispute, and the matter has been submitted on cross motions for summary judgment.

The marital deduction originally claimed in the federal estate tax return filed on behalf of the estate has been reduced by certain adjustments imposed by the Internal Revenue Service. The result of the decreased marital deduction was to increase the amount of the taxable portion of the estate. The Internal Revenue Service assessed a deficiency which the executors of the estate paid prior to filing a claim for refund. The refund claim was denied and the coexecutors, as plaintiffs, now sue for a refund pursuant to the provisions of the Internal Revenue Code of 1954, § 7422 and 28 U.S.C. §§ 1340, 1346.

Charles Lesley Ames died testate on December 7, 1969. The bulk of his estate was held in trust under the terms of a revocable trust.[1] Article V of the trust instrument reads as follows:

*It is my desire to take maximum advantage of the "marital deduction,"* by which is meant the deduction in computing federal estate taxes . . provided in [§ 2056] of the Internal Revenue Code . . . . To that end, the residue of the property in this trust shall be divided into two portions: The First Portion shall consist of such property which when added to all other property (whether probate or nonprobate) passing or which has passed to my wife and which is includable in determining the "marital deduction" under the federal estate tax statutes in effect on the date of my death, will make *a total amount equal in value to the maximum "marital deduction" available for federal estate tax purposes* under the law in effect on the date of my death. In selecting the property so to be set aside, the Trustee shall make the selection in kind and on a proportionate basis to the end that the value of the First Portion shall at least fairly be of the value and of the type contemplated by the revenue laws. The Second Portion shall be all of the balance of the residue of this trust except the property so se-

---

1. The will of the decedent affirmed the trust and provided that it was to become irrevocable upon the death of the testator.

lected as the First Portion. (emphasis added)

Section 2056 of the Internal Revenue Code of 1954 provides that in computing the value of the taxable estate, the value of any interest which passes to the surviving spouse, up to a maximum of 50 percent of the value of the adjusted estate,[2] is to be deducted from the value of the gross estate. 26 U.S.C. § 2056(a) and (c)(1). This is the "marital deduction."

In this case, the marital deduction computed by the Internal Revenue Service was about $50,000 less than that claimed by the executors of the estate.[3] The difference between the two figures results from two adjustments made by the Internal Revenue Service in the course of its audit of the federal estate tax return. First, the IRS reduced the adjusted gross estate by the amount of administration fees and expenses which had been incurred by the estate (thus reducing the marital deduction by one half that amount). Second, the IRS decreased the otherwise allowable marital deduction by the amount of state inheritance taxes which it determined to be owing by the widow of the decedent.[4]

The first issue presented is whether the claimed marital deduction should be reduced by deducting certain administrative expenses from the adjusted gross estate.

Defendant takes the position that since the will does not specify a particular source from which these payments were to be made, the administrative expenses must be borne by the residuary trust estate, including the surviving spouse's portion.

Plaintiffs argue that their computation of the marital deduction not only follows the testator's intent, but also is in accord with the published rulings of the rulings of the Internal Revenue Service. For example, the rulings provide that:

Where the executor of an estate elects to claim certain expenses of administration as deduction from the gross income of the estate under section 23(a) of the Internal Revenue Code of 1939 [see Int.Rev.Code of 1954, §§ 162, 212] rather than as deductions from the decedent's gross estate under section 812(b) [see Int. Rev.Code of 1954, §§ 2053, of 2054] the Code, the 50 percent limitation on the amount allowable as a marital deduction is determined by subtracting from the entire value of the gross estate the aggregate amount of the deductions actually claimed and allowed under section 812(b) of the Code.

Rev.Rul. 55–225, 1955–1 Cum.Bull. 460.

Here, the administration expenses at issue were deducted from the gross income of the estate for estate income tax purposes and were *not* taken as deductions under section 2053. *See* Int.Rev. Code of 1954, § 642(g). Accordingly, these expenses were not subtracted from

---

2. The "adjusted gross estate" is computed by subtracting from the entire value of the gross estate the aggregate amount of the deductions allowed by sections 2053 (estate expenses, indebtedness, etc.) and 2054 (certain casualty losses to the estate). Int.Rev.Code of 1954, § 2056(c)(2)(B). As used here, the word "allowed" means actually claimed and allowed. *See generally* Mertens Law of Federal Estate and Gift Taxation, § 29.57 (1959).

3. On the federal estate tax return filed on behalf of the estate, plaintiffs claimed a marital deduction of $616,188.57. There is a difference of $52,110.96 between the figures of plaintiffs and defendant. The difference

is comprised of the sums of $18,590.83 (one-half of the administration expenses) and $33,-520.13 (the amount of Minnesota inheritance tax imposed against the interest of the surviving spouse). After certain adjustments, the ultimate tax deficiency assessed by the Internal Revenue Service was $13,489.56.

4. Section 291.01, Subd. 1, Minnesota Statutes (1971), imposes a tax upon any transfer of property, in trust or otherwise, to any beneficiary, legatee, or heir by virtue of a will, or the intestate law, or otherwise. *See Haugan's Estate v. Commissioner of Taxation,* 275 Minn. 405, 147 N.W.2d 387 (1966) ; *Minnesota v. Probate Court of Kandiyohi Co.,* 143 Minn. 77, 172 N.W. 902 (1919).

the value of the gross estate when the executors calculated the adjusted gross estate and the allowable marital deduction. This is much like the situation described in the revenue rulings, which provide further:

> Where the decedent has bequeathed to his wife an amount equal to 50 percent of the value of his adjusted gross estate *as finally determined for Federal estate tax purposes,* less the aggregate amount of other property passing to her which qualifies for the marital deduction, and the executors of the estate elect to claim certain expenses of administration as deductions from the gross income of the estate under sections 162 or 212 of the Internal Revenue Code of 1954, rather than as deductions from the decedent's gross estate under section 2053 of the 1954 Code, the value of the adjusted gross estate is determined by subtracting from the gross estate *only* the deductions authorized by section 2053 which are actually allowed as deductions for estate tax purposes, and *the value of the interest which actually passes to the surviving spouse should not be reduced by the amounts of those items which are not allowed as deductions under section 2053.*

Rev.Rul. 55–643, 1955–2 Cum.Bull. 386 (emphasis added).

Defendant relies on one portion of the rulings which states:

> Where a decedent merely bequeaths one-half of his estate to his surviving spouse, it is presumed that the net value of the interest passing to her is one-half after payment of all debts and expenses of administration whether or not deductions therefor are claimed and allowed for Federal estate tax purposes.

Rev.Rul. 55–643, 1955–2 Cum.Bull. 386.

However, reliance on this statement is misplaced. Decedent in this case did not "merely bequeath one-half of his estate to his surviving spouse." More

specifically, with respect to the situation in this case, decedent did not bequeath the residue of the trust one-half to the First Portion and one-half to the Second Portion. Here, the decedent's clearly stated intent was to bequeath to his wife "a total amount equal in value to the maximum 'marital deduction' available for federal estate tax purposes. . . ." Had the testator intended to create a trust dividing his residuary estate in half, his resort to language defined by the tax law ("maximum marital deduction available") would have been pointless.

We have reviewed the cases relied upon by defendant and have found them to be distinguishable. None of defendant's cases deal with situations in which a testator's will or trust instrument used the words "maximum marital deduction available for estate tax purposes" or words to that effect to describe the bequest to a surviving spouse. In Minnesota, as elsewhere, the cardinal rule of will construction is that the intention of the testator, as expressed in the language used in the will, shall prevail.' See *In re Schmidt's Will,* 256 Minn. 64, 97 N.W.2d 441 (1959). To do as defendant suggests would be contrary to the plainly expressed direction of the decedent that his spouse's portion shall consist of a total amount equal to the maximum marital deduction available for federal estate tax purposes.

We conclude that it is sufficiently clear from the testator's directions that the expenses were not to be charged to that portion of his estate which qualified for the marital deduction. Any other conclusion would not effectuate the testator's expressly stated intent.

■ The next issue is whether the amount of the marital deduction allowable for property passing to the surviving spouse should be diminished by the amount of Minnesota's transfer tax upon her share of the inheritance. *See* Minn.Stat. § 291.01 (1971).

The Internal Revenue Code provides that in determining the "value" of the

interest passing to a surviving spouse for which the marital deduction is allowed "there shall be taken into account the effect which . . . any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest." Int.Rev.Code of 1954, § 2056(b)(4)(A). Thus, it is necessary to determine where the burden of the inheritance tax has been placed. If the burden of this tax is not on the surviving spouse, then it is possible that the tax has no effect on the net value to her of the bequest, and, therefore, the marital deduction would not be reduced by the amount of the tax.

Defendant contends that the inheritance tax imposes a liability upon the beneficiary of the estate rather than upon the estate, and, because the will and trust contain no specific provision as to the burden of the inheritance tax, the surviving spouse must bear her share of the inheritance tax out of that portion of the estate which qualifies for the marital deduction. Plaintiffs argue that to reduce the marital deduction by the amount of Minnesota inheritance taxes allocable to the widow would give the estate of the decedent less than the maximum marital deduction, and this would be contrary to the plainly expressed direction of the decedent.

State law controls the ultimate placing of such a tax burden; however, we are unable to find any decisions by Minnesota courts which bear directly upon the issue in this case.[5]

Minnesota case law recognizes that a testator may give the inheritance tax as a bequest and thus may shift the burden of that tax from the beneficiary to the estate. See In re Bowlin's Estate, 189 Minn. 196, 248 N.W. 741 (1933). In Minnesota, the principal function of the court in construing wills is to ascertain the testator's intention. See Northwestern Nat'l Bank & Trust Co. of Minneapolis v. Pirich, 215 Minn. 313, 9 N.W.2d 773 (1943); United States v. Goodson, 253 F.2d 900 (8th Cir. 1958). Accordingly, we must resolve this issue by determining whether the decedent intended, through his will and trust instrument, to cause a shift of the inheritance tax burden from the widow to the estate. Under Minnesota law, the testator's intent as to the burden of the inheritance tax controls, and we find that the testator's intent in this case was to give the property to his wife free of the inheritance tax.

We cannot agree with defendant's contention that decedent's will and trust do not cause a shift of the burden of the inheritance tax from the widow simply because the source of the tax payments was not expressly specified. There is nothing in the decedent's will or trust to indicate any intention contrary to his expressed "desire to take maximum advantage of the 'marital deduction.'" To afford the estate the "maximum marital deduction," the executors must transfer to the surviving spouse a total amount equal to the maximum marital deduction under section

---

5. It seems quite clear, though not spelled out in the Internal Revenue Code, that if state law permits, the decedent, by his will, can determine the burden of tax to be borne by the surviving spouse, and hence can affect the amount of the marital deduction. See generally Mertens Law of Federal Estate and Gift Taxation, § 30.08 (1959). However, exactly what language is sufficient to effect this result remains somewhat uncertain.

Results reached in different states vary widely. Some courts hold that in order to take maximum advantage of the federal marital deduction a will must expressly provide that inheritance taxes should be paid from a portion of the estate which does not qualify for the marital deduction. See In re Bauknecht's Estate, 49 Wis.2d 392, 182 N.W.2d 238 (1971). Others conclude that a testator's intent to take maximum advantage of the marital deduction requires that inheritance taxes be charged to the non-marital deduction portion of the estate. See Estate of Amory L. Haskell, 58 T.C. 197 (1972) (applying New Jersey law); cf. Dodd v. United States, 345 F.2d 715 (3rd Cir. 1965) (finding an intent to take maximum advantage of the marital deduction although the testator did not expressly so provide).

2056(c)(1) of the Code and must treat the state inheritance tax upon that amount as a charge against that portion of the residuary trust estate which does not qualify for the marital deduction. The direction to take maximum advantage of the marital deduction is the clearest evidence of the testator's predominate intention. This objective can be achieved only if the widow's share is received free of the state inheritance tax burden.

The operation of the federal estate tax upon the testator's language in Article V of the trust is sufficient testamentary provision to shift the burden of the inheritance tax from the beneficiary to the estate. *See Estate of Amory L. Haskell,* 58 T.C. 197 (1972). Therefore, we conclude that the marital deduction allowable for property passing to the widow should not be reduced by reason of the Minnesota transfer inheritance tax.

It is ordered that defendant's motion for summary judgment is denied and plaintiffs' motion for summary judgment is granted.