974 F.2d 723
 70 A.F.T.R.2d 92-6220, 61 USLW 2187,
92-2 USTC P 60,112
 ESTATE OF Gordon P. STREET, deceased; Gordon P. Street,
Jr.; Ruth L. Street; Frances S. Smith; John P.
Gaither, Co-Executors, Petitioners-Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 No. 91-2230.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 8, 1992.
Decided Sept. 8, 1992.
 
 John P. Gaither, Hugh J. Moore, Jr. (argued), Douglas E. Peck (briefed), Witt, Gaither & Whitaker, Chattanooga, Tenn., for petitioners-appellees.
 Abraham N.M. Shashy, Jr., Chief Counsel, I.R.S., Office of Chief Counsel, Gary R. Allen, Acting Chief (briefed), Shirley D. Peterson, Joy L. Pritts, Gayle P. Miller (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for respondent-appellant.
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 CONTIE, Senior Circuit Judge.
 
 
 1
 Respondent, the Commissioner of Internal Revenue, appeals the Tax Court's order for petitioners, the estate of Gordon P. Street, wherein the court refused to reduce the estate's marital deduction by the amount of administrative and interest expenses paid from the estate's income after the death of the decedent.
 
 I.
 
 2
 The facts in this case as stipulated, in part, by the parties are not in dispute. Gordon P. Street, (the "decedent"), died on July 21, 1982. The decedent was survived by his wife, Ruth L. Street and two children, Frances Street Smith and Gordon P. Street, Jr.
 
 
 3
 At the time of his death, the decedent left a valid will, providing in pertinent part:
 
 ITEM I
 
 4
 I give to my executors all of the powers herein granted to my trustees hereunder.... I direct that my executors take such action and make such elections as will defer any federal estate tax on my estate until the death of my wife as permitted under the Economic Recovery Tax Act of 1981.
 
 ITEM II
 
 5
 I direct that my executors pay all my just debts, funeral expenses, and the costs of the administration of my estate as soon after my death as practicable. All estate, inheritance or death taxes on my estate or occasioned by my death shall be paid from my residuary estate and not charged to any specific legatee or devisee hereunder.
 
 
 6
 ....
 
 ITEM VIII
 
 7
 [T]he executors and trustees shall have the following powers ... but no such powers granted to my trustees shall be exercised in such a way as to prevent that portion of my estate going to my wife from escaping federal estate taxes at my death pursuant to the provisions of the Economic Recovery Tax Act of 1981:
 
 
 8
 ....
 
 
 9
 E. To determine conclusively, but not in such manner as to invalidate any of the provisions of this instrument, what receipts and expenditures, including dividends of every character, shall be credited or charged to principal and what to income.
 
 
 10
 With the exception of a $10,000 devise to decedent's son, the remainder of the estate was bequeathed, in trust, for the benefit of his wife under Item VI of the will, which provided as follows:
 
 
 11
 In the event my wife, Ruth Lowrance Street, is living at my death, I give devise and bequeath to my trustees hereinabove named the entire remainder of my estate to be held in trust for her during her lifetime. It is my intention to take advantage of the provisions of the Economic Recovery Tax Act of 1981 exempting from federal estate tax at the time of my death this portion of my estate. During the lifetime of my wife, all of the net income produced by this trust shall be paid to her at convenient intervals, but not less frequently than quarterly. My trustees shall so handle the assets of this trust and the income therefrom as to qualify for the tax exemption provided for by the Economic Recovery Tax Act of 1981.
 
 
 12
 The co-executors of the decedent's estate timely filed a federal estate tax return. The total gross estate was reported as $34,254,633, the primary asset consisting of 4,143,100 shares of common stock in North American Royalties, Inc. with a reported value of $30,723,250. The estate reported and paid federal estate taxes in the amount of $891,119, and other death taxes in the amount of $1,544,728.
 
 
 13
 Section 2056(a) of the Internal Revenue Code (the "Code") allows a deduction from the gross estate for the value of property "which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." 26 U.S.C. § 2056(a). Under section 2056(b)(4) of the Code, account must be taken of any taxes or other encumbrances to which property passing to the surviving spouse is subject. Pursuant to these provisions, the meaning of which are in dispute, the estate claimed a marital deduction in the amount of $31,164,894. Joint Appendix at 75.
 
 
 14
 In addition to the federal estate tax return, the estate filed fiduciary income tax returns (Forms 1041) for 1982, 1983, and 1984, reporting income of $325,223; $763,416; and $1,885,518. On these returns, the estate claimed deductions totalling $462,992 for various administrative fees and expenses, including attorney and accountant fees, fiduciary fees, and "other administrative expenses." As also reflected on those returns, the estate made disbursements of income to the surviving spouse during this three year period.
 
 
 15
 Upon auditing the estate tax return, the Commissioner determined that the decedent's shares of North American Royalties stock had a value of $55,900,000 as opposed to the $30,723,250 value reported on the estate tax return. Furthermore, the Commissioner increased the marital deduction to reflect the increased value of the stock. The Commissioner then reduced the marital deduction to reflect certain expenses incurred by the estate, including: $5,482,200 representing the increased amount of Tennessee inheritance taxes; $12,768,196.73 representing the increased amount of federal estate tax; $1,471,036 for the amount of assessed interest on the Tennessee inheritance taxes; $4,968,017 for the amount of accrued interest in the deficiency estate tax; $462,992 in administrative expenses deducted by the estate between the years 1982 through 1984; and by $403,030 in administrative expenses not yet deducted.
 
 
 16
 The estate filed a petition on May 30, 1986, seeking a redetermination of the Commissioner's proposed adjustments. The parties agreed to submit the case for resolution pursuant to fully stipulated facts. In their stipulation the parties agreed, inter alia, that the value of common stock as finally determined by the Tennessee Board of Equalization, in a then pending litigation, would be the value for federal estate tax purposes. With respect to the marital deduction, the estate agreed that the amount of the deduction should be decreased by the amount of inheritance tax imposed by Tennessee (and other states) and the amount of federal estate tax as finally determined. Accordingly, the primary issue remaining to be resolved was whether the amount of the marital tax deduction must also be decreased by administrative expenses and interest accruing on the federal estate tax and state inheritance tax deficiencies.
 
 
 17
 The Tax Court held in favor of the estate. In so ruling, the court stated that if the administrative expenses and interest payable on the federal and state taxes were chargeable to income, they would not reduce the marital deduction. Relying on Estate of Richardson v. Commissioner, 89 T.C. 1193 (1987) the court held that the interest payable on state inheritance and federal estate tax was chargeable to income under Tennessee law and the terms of the will. The court likewise found that other administrative expenses were charged against income of the estate and would not reduce the marital deduction. The Commissioner appealed, arguing that Treasury Regulation § 20.2056(b)-4(a) requires that, when valuing the spouse's deduction, all administrative and interest expenses paid, or payable, out of income must be subtracted from the amount properly deductible.
 
 II.
 
 18
 The Commissioner argues on appeal that the Tax Court erred in failing to reduce the marital deduction available to petitioner by the amount of administrative and interest expenses incurred by the estate. The Tax Court held that because these expenses were chargeable to income and not to the principal of the estate, the amount which passes from decedent to the spouse would remain unchanged, and therefore there need not be any adjustment to the amount of the marital deduction. We believe the Tax Court reached an improper result.
 
 
 19
 Federal estate tax is imposed on "the transfer of the taxable estate." 26 U.S.C. § 2001(a). The taxable estate is computed by subtracting, from the value of the gross estate, deductions enumerated in sections 2053 through 2056 of the Internal Revenue Code. These include, inter alia, deductions for administrative expenses and for claims against the estate. Furthermore, the marital deduction allows the estate to deduct the value of interests passing from the decedent to the surviving spouse under section 26 U.S.C. § 2056.
 
 
 20
 In general, section 2056(a) of the Code provides a marital deduction for "an amount equal to the value of any interest in property which passes ... from the decedent to his surviving spouse." 26 U.S.C. § 2056(a). The value of such interest which may be deducted is, however, qualified by the language of section 2056(b)(4)(B). This section provides, in pertinent part:
 
 
 21
 In determining ... the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section
 
 
 22
 ....
 
 
 23
 (B) where such interest or property is encumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such encumbrance or obligation shall be taken into account in the same manner as if the amount of the gift to such spouse of such interest were being determined.
 
 
 24
 26 U.S.C. § 2056(b)(4)(B). Thus, the marital deduction is limited to the value of the property that is actually received by the surviving spouse, or the "net benefit" received by the spouse. See, e.g., United States v. Stapf, 375 U.S. 118, 129, 84 S.Ct. 248, 256, 11 L.Ed.2d 195 (1963). Our primary inquiry on appeal is, therefore, limited to the question of which obligations incurred by the estate will require a reduction of the marital deduction to reflect the net value of estate assets available to the surviving spouse.
 
 
 25
 Our analysis must begin with an examination of Treasury Regulation § 20.2056(b)-4(a). This regulation provides, in part, that:
 
 
 26
 The value, for the purpose of the marital deduction, of any deductible interest which passed from the decedent to his surviving spouse is to be determined as of the date of the decedent's death.... The marital deduction may be taken only with respect to the net value of any deductible interest which passed from the decedent to his surviving spouse....
 
 
 27
 Treas.Reg. § 20.2056(b)-4(a). Furthermore, this regulation states that in "determining the value of the interest in property passing to the spouse account must be taken of the effect of any material limitations upon her right to income from the property." Id. (emphasis added).
 
 
 28
 The Regulations attempt to clarify the meaning of this provision by the following illustrative example:
 
 
 29
 An example of a case in which this rule may be applied is a bequest of property in trust for the benefit of the decedent's spouse but the income from the property from the date of the decedent's death until distribution of the property to the trustee is to be used to pay expenses incurred in the administration of the estate.
 
 
 30
 Id. Plainly, this example demonstrates that the marital deduction is to be reduced where income earned by the estate is burdened with the payment of various administrative expenses. We agree with the Commissioner that the facts of this case fit squarely within the example noted in the regulation. The Tax Court, in the proceeding below, failed to cite this regulation. We believe this was error.
 
 
 31
 We must determine, then, what expenses will operate to reduce the marital deduction under section 2056. In the present case, the expenses paid from income fell into two categories: (1) expenses associated with the administration of the estate; and (2) interest on taxes which accrued after the date of decedent's death. We must separately examine each of these items of expense.
 
 A. Administrative Expenses
 
 32
 Our first inquiry is whether estate income used to pay administrative expenses will have any effect on the marital deduction. Treasury Regulation § 20.2056(b)-4(a) unquestionably addresses itself to this issue. The regulation states that where income from property from the date of decedent's death until distribution "is to be used to pay expenses incurred in the administration of the estate," any such amount must be set-off to reduce the marital deduction. Id. (emphasis added). Income earned by the estate during this period builds up the marital share. Expenses paid from income during this period have the effect of decreasing the amount of estate property distributable to the spouse. Therefore, the payment of administrative expenses from income must operate to reduce the size of the marital deduction, otherwise the spouse would receive a deduction which exceeded the amount which was actually in the estate, and available for distribution. In short, we find that Treasury Regulation § 20.2056(b)-4(a) requires the marital deduction to be reduced to reflect the amount of income used by the estate to pay administrative expenses.
 
 
 33
 In its Memorandum Opinion, the Tax Court relied heavily on Estate of Richardson v. Commissioner, 89 T.C. 1193 (1987), a case which is factually distinguishable from the present one. In Estate of Richardson, the decedent's will provided that his spouse was to receive a fraction of the residue as her marital bequest. The interest on estate taxes was to be borne by the entire residue, which included the marital bequest. The issue was whether the marital deduction had to be reduced by the interest chargeable to the marital share of the residue. The Tax Court held that no reduction was required.
 
 
 34
 The Estate of Richardson court reasoned that interest chargeable against income will not reduce the value of the surviving spouse's share of the estate. However, the court reached this conclusion without any consideration of Treasury Regulation § 20.2056(b)-4(a). Furthermore, Estate of Richardson dealt exclusively with post-date-of-death liability for interest on estate taxes. By contrast, the present case concerns both administrative expenses and interest on inheritance and estate taxes. The Estate of Richardson court noted that administrative expenses are materially different from interest on taxes because administrative expenses accrue at death, whereas interest on taxes accrues after the date of death. The payment of administrative expenses from income, then, will serve to build up the gross estate. However, with respect to interest on taxes, the court observed:
 
 
 35
 [The Commissioner] is attempting to reduce the principal of the estate as it existed at the time of decedent's death by interest that has accrued since decedent's death. To pay the interest on the deferred taxes out of income of the estate would neither increase nor decrease the principal of the estate as it was at the time of decedent's death.
 
 
 36
 Id. Therefore, Estate of Richardson stands only for the proposition that the payment, from income, of interest on inheritance and estate taxes will not reduce the marital deduction. Estate of Richardson, however, does not accord the same treatment to administrative expenses.
 
 
 37
 On the issue of administrative expenses, we believe that Estate of Roney v. Commissioner, 33 T.C. 801 (1960), aff'd, 294 F.2d 774 (5th Cir.1961) is rightly decided and should be followed. Estate of Roney involved facts similar to those now before us; however, the Tax Court concluded that the marital deduction must be reduced to reflect the payment of administrative expenses from estate income. The court arrived at its decision by applying Treasury Regulation § 20.2056(b)-4(a).[1]
 
 
 38
 The estate argues that Estate of Roney should not be followed because, in that case, a Florida statute required administrative expenses to be paid from principal and not income. Likewise, the Tax Court, in the present case, distinguished Estate of Roney because there, state law required administrative expenses to be paid from the principal of the estate. Tennessee, however, has not adopted a statute governing the source of payment of estate expenses. Since there was no law to the contrary, the Tax Court reasoned that the decedent's intent must govern the payment of expenses. The Tax Court in the present case concluded that the decedent's expressed intent was to maximize the marital deduction, thereby requiring that administrative expenses be paid from income.
 
 
 39
 In our view, however, Estate of Roney cannot be distinguished from the instant case simply because Tennessee, unlike Florida, does not have a statute which requires administrative expenses to be paid from principal. Instead, Treasury Regulation § 20.2056(b)-4(a) controls the tax treatment of administrative expenses paid from income regardless of state law or the dictates of a decedent's will.
 
 
 40
 The example set forth in the regulation states that income used to pay the expenses of administration must reduce the size of the marital deduction. The regulation makes no distinction between expenses chargeable to principal or income under state law. Instead, for federal tax purposes, whether the marital deduction must be reduced to reflect a payment of expenses is a question of federal law, and cannot depend on the whim of the state courts or legislatures. We therefore find that Estate of Roney is apposite to the present set of facts, and adds support to our conclusion that the marital deduction must be reduced in light of any administrative expenses paid from principal or income.
 
 
 41
 The legislative history which attends the marital deduction provisions amply supports our interpretation of section 2056. The Senate Report provides that
 
 
 42
 the interest passing to the surviving spouse from the decedent is only such interest as the decedent can give. If the decedent leaves the residue of his estate to the surviving spouse and she pays, or if the estate income is used to pay, claims against the estate so as to increase the residue, such increase in the residue is acquired by purchase and not bequest. Accordingly, the value of any additional part of the residue passing to the surviving spouse cannot be included in the amount for the marital deduction.
 
 
 43
 S.Rep. No. 1013, 80th Cong., 2d Sess. II-6 (1948).
 
 
 44
 Therefore, Congress was of the view that the value of any such additional part of the residue passing to the surviving spouse cannot be included in the marital deduction. Income earned on the residue prior to distribution increases the size of the residue. However, expenses paid during this period decrease the residue. Therefore, any decrease should be reflected in the size of the marital deduction, which must be reduced to correspond to the amount of assets available at the death of the decedent.
 
 B. Interest on Estate Taxes
 
 45
 With respect to other items of expense, we are mindful that section 2056 and the accompanying regulations and legislative history should not be read too expansively. As the above discussion makes clear, section 2056 requires the marital deduction to be diminished by the amount of income used by the estate to pay administrative expenses. Income used to pay interest on inheritance and estate taxes, however, must be accorded different treatment.
 
 
 46
 In Estate of Richardson, the Tax Court did not address the issue of administrative expenses, although it did correctly apply the marital deduction provisions to interest on the estate taxes which was paid from income. In that case, the court held that interest on taxes is not an obligation due as of the date of death, but instead is an obligation that accrues sometime after death. Therefore, since interest expenses accrue after death, estate income used to pay these expenses would not affect the size of the estate as of the date of the decedent's death. The court concluded that the marital deduction need not be reduced to reflect these items of expense. We agree that Estate of Richardson correctly decided the effect that post-death interest expenses would have on the marital deduction, and believe that it should be followed.
 
 
 47
 To be sure, this part of the Estate of Richardson court's analysis is in accord with the Treasury Regulations, which provide that the net value of the estate, for purposes of the marital deduction, is to be determined "as of the date of the decedent's death." Treas.Reg. § 20.2056(b)-4(a). According to the regulations, then, income used to pay expenses arising after death will not affect the size of the marital deduction because the value of the estate is fixed as of the date of the decedent's death.
 
 
 48
 In contrast, however, the treatment accorded to administrative expenses paid from income differs because federal law expressly requires that these expenses be set-off against the marital deduction. See Treas.Reg. § 20.2056(b)-4(a). The above regulation is silent as to the effect of post-date-of-death interest expenses. However, we agree with Estate of Richardson that these expenses, accruing after death, have no effect on the size of the estate, which must be measured at the date of death. Consequently, the marital deduction, which is fixed as of the decedent's death, is not influenced by the payment of interest expenses from income.
 
 III.
 
 49
 In sum, we believe that the Tax Court misapplied section 2056 and the Treasury Regulations in answering the question of whether income used to pay administrative expenses must reduce the marital deduction. The example provided in Treasury Regulation § 20.2056(b)-4(a) specifically addresses this question, and is not dependent on the vagaries of state law. We find it controlling. Consequently, on remand, the Tax Court is instructed to segregate those amounts of income used to pay administrative expenses against the estate from income used to pay interest on inheritance and estate taxes. To the extent that income was used to pay administrative expenses, the marital deduction must be reduced accordingly.
 
 
 50
 On the other hand, section 2056 and the accompanying regulations do not mandate the same treatment when estate income is used to pay interest on inheritance and estate taxes. On this question, the regulations, case law and purposes behind the marital deduction provide that the marital deduction will not be diminished on account of interest expenses which accrue after death. Therefore, the payment of these expenses from income will not reduce the marital deduction.
 
 
 51
 For the foregoing reasons, the Tax Court's decision is AFFIRMED in part, REVERSED in part, and remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 The Roney court applied 26 C.F.R. § 81.47(c) (1954), which was the predecessor to Treasury Regulation § 20.2056(b)-4(a). The pertinent language of the regulation, including the example, has remained essentially unchanged throughout various reenactments