ESTATE OF FRANCES BLOW ALLEN, DECEASED, BANK OF OKLAHOMA, N.A. AND R. ROBERT HUFF, CO-EXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 309–91.          Filed October 20, 1993.

*John B. Turner,* for petitioner.
*Cathleen A. Jones,* for respondent.

## OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $30,157.30 in the estate tax of petitioner. After concessions by the parties, the sole issue for decision is whether administration expenses should reduce the amount of the marital deduction under section 2056.[1]

All of the facts have been stipulated and are so found.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect at the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner is the Estate of Frances Blow Allen, who is hereinafter referred to as decedent. Decedent died testate on March 12, 1987, a resident of Tulsa, Oklahoma. Bank of Oklahoma, N.A., and R. Robert Huff were appointed co-executors by letters testamentary issued April 13, 1987. At the time of filing of the petition, the principal place of business of Bank of Oklahoma and the legal residence of R. Robert Huff were in Tulsa, Oklahoma.

Decedent was survived by her spouse, Hans Van Nes Allen.

Petitioner timely filed a Federal estate tax return with the Internal Revenue Service Center, Austin, Texas.

On November 29, 1984, decedent executed her last will and testament. The will provided in part II for the payment of debts and expenses as follows:

I direct my Executors, hereinafter named, to pay all my just debts and funeral expenses as soon after my death as practicable.

I direct that all inheritance and estate taxes becoming due by reason of my death, including any interest and penalties thereon, shall be paid by my Executors out of that portion of the residue of my estate, more particularly described hereinafter as "My Residuary Trust Estate", as an expense of administration. * * *

After bequests of all tangible personal property and three pecuniary bequests of $5,000 each, part V of the will provided in pertinent part:

A. If my said husband survives me, I give to my Trustees, hereinbefore named, and their successors, the following:

All of the residue not required to fund my Residuary Trust Estate under Paragraph B of this Article V. * * * Said share or trust is hereinafter referred to as "My Husband's Trust Estate". It is my intent that the whole of My Husband's Trust Estate shall qualify for the unlimited marital deduction as provided in the Economic Recovery Act of 1981. My trustees shall hold said share in Trust as follows:

1. The trustees shall pay the entire net income of My Husband's Trust Estate to him in annual or more frequent installments commencing from the date of my death and continuing so long as he shall live.

2. The Trustees shall also pay to my said husband as much of the principal of My Husband's Trust Estate as the Trustees, in their sole judgment, deem necessary or advisable to assure his care, comfort, support, maintenance and medical attention.

3. On the death of my said husband, the then remaining corpus and the income for the period between the last income distribution date and the date of my husband's death shall be added to the principal of My Residuary Trust Estate, and held as a part thereof and subject to all of the terms,

trust and conditions then and thereafter pertaining thereto. I hereby empower and direct my Executors to claim a Federal Estate Tax marital deduction for all assets comprising My Husband's Trust Estate.

\*   \*   \*   \*   \*   \*   \*

B. I give to my said Trustees, or successors, the second share, hereinafter sometimes referred to as the "Residuary Trust Estate", which shall consist of so much of said residuary estate and other property as shall be equal to the exempt transfers under Federal Estate Tax Law in effect at the time of my death, taking into account the full unified credit applicable (it being understood that such amount shall be equal to the Federal Estate Tax filing requirement of Section 6018 of the Internal Revenue Code in effect for the year of my death), and shall consist of all of said residuary estate and other property if my said husband does not survive me. \* \* \*

The net income from the residuary trust estate was made payable to decedent's husband. Upon his death, said estate was to be held and disposed of for the benefit of decedent's issue.

Part VII of decedent's will provided as follows:

The Trustees of my Trust Estate shall have all the powers, duties and responsibilities authorized by the Oklahoma Trust Act enacted by the Legislature of the State of Oklahoma in 1941 or any amendment thereof existing prior to the date of this Will, except as may be changed or modified herein.

Part XI of the will contained the following provision:

My Executors shall exercise in their sole discretion all elections provided by law, as to whether to claim items either as income tax deductions or as death tax deductions, and without making any adjustments as between income and principal of any Trust or as between any beneficiaries by reason thereof. The exercise of such authority and power by my Executors shall be final and conclusive and not subject to question by any person interested in my estate.

Petitioner's adjusted gross estate is $1,870,317.50 and its fixed deductions amount to $174,137.37.

For each of the fiscal years ending February 28/29, 1988, 1989, 1990, and 1991, petitioner filed a Form 1041, U.S. Fiduciary Income Tax Return, wherein petitioner reported income of $77,258, $95,220, $125,364, and $103,152, respec-

tively, and claimed deductions for various administration expenses as follows:

| Year | Fiduciary fee | Attorney, accountant, and return preparer fees | Interest | Taxes | Other administration deductions | Total |
|---|---|---|---|---|---|---|
| 2/29/88 | $2,767 | $8,867 | $10,636 | - - - | $3,349 | $25,619 |
| 2/28/89 | 25,000 | 33,498 | 45 | $3,436 | 9,878 | 71,857 |
| 2/28/90 | 1,345 | 8,151 | - - - | - - - | 617 | 10,113 |
| 2/28/91 | - - - | 2,088 | 167 | 4,047 | 617 | 6,919 |
| Total | 29,112 | 52,604 | 10,848 | 7,483 | 14,461 | 114,508 |

The estate will incur additional administration expenses which will bring the total of such expenses to at least $119,650.

The coexecutors have charged the administration expenses to the income generated by the estate and have made an irrevocable election under section 642(g) to deduct these expenses on the respective Forms 1041. The parties agree that all additional administration expenses will be claimed on the appropriate Forms 1041 and will be subject to the same irrevocable election under section 642(g).

The notice of deficiency calculated the residue amount constituting the allowable marital deduction as follows:

| | |
|---|---|
| Corrected gross estate ...................................................... | $1,870,317.50 |
| Less: | |
|     Corrected fixed deductions ............................................ | 174,137.37 |
|     Interest deduction ........................................................ | -0- |
|     Fixed marital deduction ................................................. | -0- |
|     Fixed charitable deduction ............................................ | -0- |
|     Federal estate tax times 0% ......................................... | -0- |
|     State death tax paid times 0% ...................................... | -0- |
|     Specific bequests .......................................................... | 615,000.00 |
|     Accounting and legal ..................................................... | 19,650.00 |
| Corrected residue amount ............................................ | 961,530.13 |

The starting point for our resolution of the proper treatment of the administration expenses is the statute and regulations. Section 2056 provides for the allowance of the marital deduction as follows:

SEC. 2056(a). ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but

only to the extent that such interest is included in determining the value of the gross estate.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

\* \* \* \* \* \* \*

(4) VALUATION OF INTEREST PASSING TO SURVIVING SPOUSE.—In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

(A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; and

(B) where such interest or property is encumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such encumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined.

Section 20.2056(b)-4(a), Estate Tax Regs., implements the foregoing statutory provisions, in pertinent part, as follows:

(a) In general. The value, for the purpose of the marital deduction, of any deductible interest which passed from the decedent to his surviving spouse is to be determined as of the date of the decedent's death, except that if the executor elects the alternate valuation method under section 2032 the valuation is to be determined as of the date of the decedent's death but with the adjustment described in paragraph (a)(3) of §20.2032-1. The marital deduction may be taken only with respect to the net value of any deductible interest which passed from the decedent to his surviving spouse, the same principles being applicable as if the amount of a gift to the spouse were being determined. *In determining the value of the interest in property passing to the spouse account must be taken of the effect of any material limitations upon her right to income from the property. An example of a case in which this rule may be applied is a bequest of property in trust for the benefit of the decedent's spouse but the income from the property from the date of the decedent's death until distribution of the property to the trustee is to be used to pay expenses incurred in the administration of the estate.* [Emphasis added.]

The applicable provisions of Oklahoma law are:

(1) Okla. Stat. Ann. tit. 58, sec. 461 (West 1965), which provides:

If the testator makes provisions by his will or designates the estate to be appropriated for the payment of his debts, the expenses of administration, or family expenses, they must be paid according to such provisions

or designation, out of the estate thus appropriated, so far as the same is sufficient.

(2) Okla. Stat. Ann. tit. 60, sec. 175.36A (West 1971), which provides that administration expenses such as are involved herein "shall be chargeable against income", and

(3) Okla. Stat. Ann. tit. 84, sec. 186 (West 1990), which provides:

Any will of a decedent dying after December 31, 1981, which contains a marital deduction formula expressly providing that the spouse of the testator is to receive the maximum amount of property qualifying for the marital deduction allowable by federal law shall be construed as referring to the unlimited marital deduction provided by the Economic Recovery Tax Act of 1981 * * *

Petitioner argues that the provisions of the will and of Oklahoma law mandated that the administration expenses be charged to income, and, therefore, the estate tax statute and regulations, as set forth above, do not require the amount of the marital deduction, i.e., the husband's trust estate, see *supra* p. 352, to be reduced by those expenses. In making this argument, in initial briefs, petitioner relied on our decision in *Estate of Street v. Commissioner,* T.C. Memo. 1988-553. Our decision has since been reversed by the Court of Appeals for the Sixth Circuit. *Estate of Street v. Commissioner,* 974 F.2d 723 (1992). Subsequent to this reversal, the Court invited the parties herein to submit supplemental briefs. In a supplemental brief, petitioner urges us to adhere to our position in *Estate of Street.*

Alternatively, petitioner argues that the decision of the Court of Appeals in *Estate of Street* is factually distinguishable in that it involved a single marital trust of the entire residue whereas, in the instant case, the residue is divided into two shares, one designed to qualify for the marital deduction (hereinafter referred to as marital share) and the other designed to absorb the unified credit but not to qualify for the marital deduction (hereinafter referred to as nonmarital share). On this basis, petitioner argues that the nonmarital share is more than adequate to absorb the administration expenses so that *Estate of Street* does not apply, and there is no basis for requiring the marital deduction to be reduced by the amount of those expenses.

Respondent stands by the position articulated in the original briefs and asserts that our decision in *Estate of Street* was wrong and that the applicable estate tax statute and regulations set forth above require that the marital share be reduced by the amount of the administration expenses in order to arrive at the allowable amount of the marital deduction.

We have recently reevaluated our decision in *Estate of Street v. Commissioner, supra*, in light of the reversal by the Court of Appeals and have concluded, in a Court-reviewed opinion, that we should adhere to the position we took in that case. *Estate of Hubert v. Commissioner*, 101 T.C. 314 (1993). Consequently, we sustain petitioner's primary contention. Moreover, we consider *Estate of Street* to be distinguishable and therefore would sustain petitioner's alternative contention in any event for the reasons hereinafter set forth.

Initially, we note that the fact that the administration expenses were deducted for income tax purposes does not, in and of itself, necessitate a reduced marital deduction. Cf. *Long v. Commissioner*, 71 T.C. 1, 12 (1978), remanded on other grounds 660 F.2d 416 (10th Cir. 1981); cf. *Estate of Richardson v. Commissioner*, 89 T.C. 1193, 1204 (1987).[2] Furthermore, the provisions of State law and the will need to be examined in order to determine whether the conditions governing the application of section 20.2056(b)-4(a), Estate Tax Regs., have been met. Cf. *Estate of Horne v. Commissioner*, 91 T.C. 100, 105, 109-110 (1988).

We now turn to Oklahoma law and its application to the facts herein. Okla. Stat. Ann. tit. 60, sec. 175.36A (West 1971), *supra* p. 356, mandates that, in the absence of any direction to the contrary in decedent's will, the administration expenses involved herein are to be charged to income, and the provisions of the will, *supra* p. 352, coupled with the provisions of Okla. Stat. Ann. tit. 84, sec. 186 (West 1990), *supra* p. 356, mandate that the marital deduction be maximized.[3]

---

[2] See also *Estate of Young v. Commissioner*, T.C. Memo. 1992-551.

[3] Cf. *Estate of McInnes v. Commissioner*, T.C. Memo. 1992-558.

Decedent's will divides the residue into two shares,[4] a marital share and a nonmarital share. The nonmarital share of $600,000 represents 32 percent of the gross estate of $1,870,317.50. The income of the estate over the 4-year period 1988 through 1991 exceeded $400,000. Thirty-two percent of that amount is $128,000, more than the amount of the administration expenses deducted in those years and of the anticipated total of those expenses. It is thus apparent that the income attributable to the nonmarital share was more than sufficient to absorb the administration expenses. Thus, the expenses did not burden the marital share to any degree whatsoever. Nor did they burden the principal of the nonmarital share. Such being the case, there could be no shortfall of the nonmarital share from $600,000 with the result that we need not consider respondent's argument that the marital share would be required to make up any such shortfall and would, to that extent, have to be reduced.

The existence of two shares of the residue not only distinguishes *Estate of Street v. Commissioner, supra*, but also *Estate of Roney v. Commissioner*, 33 T.C. 801 (1960), affd. per curiam 294 F.2d 774 (5th Cir. 1961), cited by respondent, where the marital share likewise consisted of the entire residue. The fact that the income of the nonmarital share herein was more than adequate to cover the administration expenses similarly distinguishes *Estate of Martin v. United States*, 923 F.2d 504 (7th Cir. 1991), also cited by respondent, where the nonmarital share was insufficient.

We think that the instant case falls within the ambit of the decided cases where the marital deduction was not reduced by the amount of death taxes or administration expenses because it was clear that, under the provisions of the will and State law, such items were to be charged to the nonmarital share and not to principal or income of the marital share. *Estate of Haskell v. Commissioner*, 58 T.C. 197 (1972), affd. without published opinion 485 F.2d 679 (3d Cir. 1973); *Pyne v. United States*, 638 F. Supp. 946 (D. Me. 1986); *Clary v. United States*, 78-1 USTC par. 13,246, 42 AFTR 2d 78-6399 (D.S.C. 1978); *First Trust Co. v. United States*, 402 F. Supp. 778 (D. Minn. 1975); *Northeastern Pa. Natl. Bank &*

---

[4] As far as we can determine from the record, the trusts of the two shares have not been funded.

*Trust Co. v. United States,* 360 F. Supp. 116 (M.D. Pa. 1973). Accordingly, we conclude that there is no direction nor other requirement that the income of the marital share herein "is to be used" to pay the administration expenses. Nor can it be said that there is any "material limitation" upon the right of decedent's husband to the income from the marital share. Thus, the provisions of section 20.2056(b)-4(a), Estate Tax Regs., see *supra* p. 355, are not applicable, with the result that the marital deduction should not be reduced by the amount of the administration expenses.

In order to take into account the foregoing and concessions by the parties on other issues,

*Decision will be entered under Rule 155.*