ESTATE OF GORDON P. STREET, DECEASED, GORDON P. STREET, JR., RUTH L. STREET, FRANCES S. SMITH, JOHN P. GAITHER, CO-EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Estate of Street v. Commissioner
Docket No. 16594-86
United States Tax Court
T.C. Memo 1994-568; 1994 Tax Ct. Memo LEXIS 579; 68 T.C.M. (CCH) 1213; November 21, 1994, Filed *579 Decision will be entered under Rule 155. For petitioner: Douglas E. Peck and John W. Murrey, III. For respondent: Vallie C. Brooks. TANNENWALD
TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION TANNENWALD, Judge: This case is again before us in respect of the elements to be taken into account in arriving at a decision after a remand by the Court of Appeals for the Sixth Circuit. Initially, we were called upon to decide whether administration expenses and interest payable on Federal estate taxes, State inheritance taxes, and deficiencies with respect to both should reduce the value of the marital deduction to which petitioner could otherwise be entitled. [1] We held that the marital deduction should not be reduced by such expenses and interest. Estate of Street v. Commissioner, T.C. Memo. 1988-553. On appeal, the Court of Appeals for the Sixth Circuit affirmed us in respect of the interest issue but reversed us in respect of the administrative expenses and remanded the case "for further proceedings consistent with this [its] opinion". Estate of Street v. Commissioner, 974 F.2d 723, 729 (6th Cir. 1992). *580 We are now called upon to decide whether petitioner should be allowed, in computing the Federal estate taxes due, to deduct interest on such taxes that petitioner previously claimed on its Federal income tax return in 1991, and to deduct interest paid in 1984 on funds borrowed for the purpose of paying such taxes. [2] Resolution of this issue turns upon the proper application of section 642(g)[3] and, more particularly, whether the time has passed with respect to petitioner's right to choose between an estate tax deduction and an income tax deduction for such interest. Our analysis of this issue is founded upon certain premises which do not appear to be in dispute: (1) Interest on Federal estate taxes is a deductible *581 administration expense. Estate of Bahr v. Commissioner, 68 T.C. 74 (1977). (2) The marital deduction, available under section 2056, is not reduced by the amount of such interest -- a consequence which, in any event, automatically follows from the affirmance of our original decision in this case by the Court of Appeals for the Sixth Circuit. Estate of Street v. Commissioner, 974 F.2d 723, 729 (6th Cir. 1992), affg. on this issue T.C. Memo. 1988-553; see also Rev. Rul. 93-48, 1993-2 C.B. 271. (3) Except insofar as respondent's position as to "the law of the case" is concerned, petitioner's claimed estate tax deduction has not been "finally allowed", and the period of limitations on the right to claim such deduction has not expired. [4]Sec. 1.642(g)-1, Income Tax Regs.; Rev. Rul. 58-484, 1958-2 C.B. 363. (4) Under section 1.642(g)-2, Income Tax Regs., an estate may divide its allowable deductions between income tax deductions and estate tax deductions within a single taxable year or among taxable years so long *582 as there is no duplication. Rev. Rul. 70-361, 1970-2 C.B. 133. Respondent's position can be simply stated: By not claiming the 1984 and 1991 interest expenses in the Rule 155 computation that was the basis for the decision entered by this Court in accordance with its prior opinion, petitioner waived its right to claim such deductions for estate tax purposes under section 1.642(g)-1, Income Tax Regs., and thus made a binding election to take such deduction for income tax purposes in those years. Respondent goes on to assert that, in this context, our decision fixed the amounts deductible for estate tax purposes and thus established the "law of the case", citing Commissioner v. Sunnen, 333 U.S. 591 (1948). According to respondent, our only task upon remand is to recalculate the marital *583 deduction to reflect the reduction on account of administrative expenses pursuant to the opinion of the Court of Appeals for the Sixth Circuit. Respondent further contends that to permit petitioner to claim the deduction for such interest expenses at this stage of the game presents a new issue which should not be considered under Cloes v. Commissioner, 79 T.C. 933 (1982), and the reasoning of Pollei v. Commissioner, 94 T.C. 595 (1990), and that allowing petitioner to elect to take the deductions in question for estate tax purposes instead of income tax purposes will have afforded petitioner the opportunity to "play both ends against the middle as the result of hindsight," a path of action which in Dougherty v. Commissioner, 60 T.C. 917, 940 (1973), we indicated had been judicially disapproved. We find respondent's position unpersuasive. We recognize that "the law of the case" doctrine precludes our delving into matters "that have been decided expressly or by necessary implication by a superior court on appeal". See Pollei v. Commissioner, supra at 607. *584 But neither the Court of Appeals for the Sixth Circuit nor we considered the deductibility of the interest expenses for estate tax purposes in the prior proceedings herein. The only matters addressed were the impact of administration expenses and interest on the marital deduction. In Pollei, the matter of costs and attorneys' fees was raised in the Court of Appeals, but that Court did not take any action in respect thereto. Thus, the situation herein differs significantly from that which existed in Pollei. Indeed, in Pollei we recognized that had the taxpayers not raised the issue of costs and fees on appeal, we would have given consideration to that issue. See id. at 608. Commissioner v. Sunnen, supra, involved the impact of one case on the same issues involved in a subsequent case between the same parties and the application of the doctrines of res judicata and collateral estoppel. That case simply has no bearing on the issue before us herein. Similarly, we recognize the restrictions imposed on a Rule 155 hearing pursuant to Cloes v. Commissioner, supra, particularly *585 at 935-936, and the authorities cited thereat. But, for the most part, the authorities on this issue are based upon a determination that the issue sought to be raised would require a reopening of the record to permit the taking of new evidence. See, e.g., Chilingirian v. Commissioner, 918 F.2d 1251 (6th Cir. 1990), affg. T.C. Memo. 1986-463; Paccar, Inc. v. Commissioner, 849 F.2d 393, 399-400 (9th Cir. 1988), affg. 85 T.C. 754 (1985); Cloes v. Commissioner, supra.
Finally, we are aware of the judicial reluctance to permit taxpayers to delay an election or to change an election previously made after the applicable statutory or regulatory time limits have expired, reflected in cases which we cited in Dougherty v. Commissioner, supra, to support our reference to not permitting taxpayers "to play both ends against the middle". See also Cloutier v. United States, 709 F.2d 480 (7th Cir. 1983). As we view the situation, none of the factors that have usually caused the courts to rule adversely to *586 taxpayers in terms of a new issue being raised in a Rule 155 proceeding are present herein. Although respondent suggests that the computation of interest will require a reopening of the record herein, we fail to see how this will be the case. The rate of interest and the period to which it applies are statutorily established, so that the calculation of the amount of the deduction can be made without further ado. The injection of interest into a Rule 155 proceeding involving an estate tax deficiency has been permitted. See Estate of Johnson v. Commissioner, 89 T.C. 127, 128 n.2 (1987); Estate of Buchholtz v. Commissioner, 70 T.C. 814, 816-817 (1978); Estate of Kurihara v. Commissioner, T.C. Memo. 1985-150. Nor does the right of petitioner to elect between an income tax or estate tax deduction under section 642(g) fall within the ambit of the cases where there has not been compliance with time limits mandated by statute or regulation. Here, no waivers having been filed pursuant to section 1.642(g)-1, Income Tax Regs., it is clear that petitioner, unless precluded by respondent's "law of *587 the case" argument, is still within the applicable time limit. We further observe that this Court has not hesitated to adopt a flexible approach to a Rule 155 proceeding where unusual circumstances were involved. Estate of Egger v. Commissioner, 92 T.C. 1079 (1989); Estate of Papson v. Commissioner, 74 T.C. 1338 (1980); Myers v. Commissioner, 12 T.C. 648 (1949). In this connection, we also note that respondent does not contest the right to raise the question of an income tax versus an estate tax deduction in a Rule 155 proceeding under all circumstances. Indeed, respondent's "law of the case" argument is premised upon her assertion that petitioner had not only the right, but the obligation, to raise that issue in the original Rule 155 proceeding herein and that, by failing to do so, petitioner waived its right to elect at a later date. According to respondent, petitioner should have anticipated that respondent would appeal and succeed in obtaining a reversal of our decision in whole or in part. We think respondent goes too far. Under the circumstances herein, at least with respect to *588 the 1991 interest payment, we do not think that petitioner should be put in the position of having to anticipate an unfavorable result on appeal and make an election which would, absent such result, cause it to pay a larger amount in estate taxes. Viewing the situation from the other end of the telescope, it does not appear to us to be unreasonable to have expected respondent to take into account the possibility that she might win on appeal but lose all or part of the resulting deficiency by virtue of an available section 642(g) election by petitioner. In this connection, we think respondent's assertion, that a holding for petitioner herein will produce a refund, despite respondent's partial success on appeal, is irrelevant. The existence of a refund or a deficiency will simply be the consequence of the resolution of the underlying legal issues. Balancing the various considerations involved herein, we are not persuaded that the "law of the case" doctrine requires us to hold that petitioner waived its right of election under section 642(g) by not claiming it in the original Rule 155 proceeding. Compare Home Group, Inc. v. Commissioner, 91 T.C. 265, 268-271 (1988), *589 affd. on another issue 875 F.2d 377 (2d Cir. 1989); Estate of Kurihara v. Commissioner, supra, where we referred to the potential for change of position by the parties in the event of an appeal. Rather, we adopt the approach which we took in Dougherty v. Commissioner, supra. That approach turned on the proposition that the taxpayer therein was not required to make an election under section 962(b) until such time as it appeared that such election would be meaningful. See Dougherty v. Commissioner, 60 T.C. at 940-941; cf. Roy H. Park Broadcasting Inc. v. Commissioner, 78 T.C. 1093, 1135 (1982). Just as we found no prejudice to respondent in adopting such approach in that case, so we find no such prejudice herein. To be sure, the election by petitioner will produce a lesser estate tax than respondent would otherwise obtain (which will not be completely offset by the resulting income tax deficiency) but such a result is the inevitable consequence of any election under section 642(g). Nothing in Dougherty v. Commissioner, 61 T.C. 719 (1974), *590 impairs the foregoing analysis. That case dealt with a computational dispute stemming from our disposition of the substantive issues in Dougherty v. Commissioner, 60 T.C. 917 (1973), and involved the withdrawal of an election rather than initial exercise of a right of election pursuant to statutory provisions containing specific restrictions. The foregoing analysis would also apply to the claim in respect of the 1984 interest were it not for the fact that this interest does not represent interest directly due on the estate taxes but rather interest on funds borrowed to make payment on such taxes. In this context, such interest, as an administration expense, is subject to proof that the borrowing was "necessarily incurred in the administration of the decedent's estate". Sec. 20.2053-3(a), Estate Tax Regs.; see Estate of Todd v. Commissioner, 57 T.C. 288, 296 (1971); compare Estate of Sturgis v. Commissioner, T.C. Memo. 1987-415. In order for us to determine whether this requirement has been satisfied, it would be necessary to reopen the record and take additional evidence, particularly *591 since it appears that the financial position of the estate at the time of the borrowing was sufficient to make the required tax payment. We think this raises a new issue and would extend the scope of the remand beyond its permissible limits. Cf. Cloes v. Commissioner, 79 T.C. 933 (1982). In sum, we hold that petitioner may elect to take a deduction for the 1991 but not the 1984 interest payment. A few final words on some miscellaneous loose ends that the parties have left hanging. First, respondent has assumed that, if we hold for petitioner on the interest issue, we would reopen the record and that, in such event, we should permit respondent further to reduce the marital deduction by the amount of administration expenses beyond those claimed in the computation upon which the original Rule 155 decision was based. We believe a reopening of the record for such purpose is unnecessary. Petitioner's computation submitted herein already reduces the marital deduction by an additional amount of administration expenses beyond the amount of such expenses reflected in the Rule 155 computation which formed the basis of our original decision here. If there *592 are any further administration expenses to be taken into account in calculating the marital deduction, we believe the parties should be able to dispose of the matter by agreement. Second, granting petitioner the right of an election with respect to the 1991 interest results in a deficiency in income tax for that year. As we understand it, the statute of limitations for that year is still open but whether or not this is the case, we believe that the parties should be able to take such deficiency into account either directly or by way of recoupment in computing the amount to be entered as a decision herein. See Estate of Kurihara v. Commissioner, T.C. Memo. 1985-150; Rev. Rul. 81-287, 1981-2 C.B. 184. Interest payable on such income tax deficiency can be included in such calculation. In this connection, we would add that the amount of such interest, in our opinion, can be the subject of a deduction for estate taxes herein, if petitioner so elects for the same reasons as we have articulated in respect of the deduction for the 1991 interest expense. We hope that our analysis and conclusions herein will furnish *593 the parties with sufficient guidance to enable them to dispose of all their differences, including those that we may have overlooked, to the end that a decision based upon an agreed Rule 155 computation which takes into account our conclusions herein can be entered promptly. The delays herein have occurred for understandable reasons, but have now reached to the maximum acceptable period of time. Decision will be entered under Rule 155. Footnotes
*. This opinion supplements Estate of Street v. Commissioner, T.C. Memo. 1988-553, affd. in part, revd. in part, and remanded 974 F.2d 723 (6th Cir. 1992).↩
1. We also disposed of an issue involving the impact of a formula bequest on the marital deduction which is no longer the subject of dispute.↩
2. Originally there was an issue in respect of interest on the Tennessee inheritance tax but that has now been conceded by petitioner.↩
3. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. We note that petitioner's estate tax liability is not determined until a point in time after the entry of decision herein pursuant to the remand. Sec. 7482.↩